**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| In Re: ) | |
| ) | |
| I80 Equipment, LLC, ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| Jeana K. Reinbold, Solely as Chapter 7 ) | Case No.: 17-81759 |
| Trustee of the Estate of I80 Equipment, ) | Chapter 7 |
| LLC, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 19-08110 |
| ) | |
| v. ) | |
| ) | |
| Menard, Inc. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT MENARD, INC.'S**
**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**

NOW COMES Defendant, Menard, Inc. ("Menard"), by and through its attorneys, OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD., and for its Memorandum of Law in Support of Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"), states as follows:

**I.      INTRODUCTION**

The Trustee has brought a two-count Complaint against Menard claiming violations of Section 548(a)(1)(A) in Count I, wherein the Trustee alleges actual fraud, and Section 548(a)(1)(B) in Count II, wherein the Trustee alleges constructive fraud. Both counts seek the avoidance of certain, alleged, "Fraudulent Transfers" and for the entry of judgment against Menard in the

amount of $707,322.95, said amount equaling the amount of the alleged "Fraudulent Transfers" engaged in by Debtor, I80 Equipment, LLC ("Debtor"), at various Menard locations.

The Trustee merely restates the elements of the causes of action alleged and alleges conclusory statements to support its claims against Menard. In fact, the Complaint only contains general allegations of wrongdoing *by the Debtor* while failing to identify a single allegation of misconduct by Menard. These allegations fall well short of Trustee's pleading burden. A review of the Complaint reveals that the Complaint fails to state a claim upon which relief can be granted. As such, Menard moves to dismiss the Complaint pursuant to FPCP 12(b)(6) as is more fully stated below.

## II.    APPLICABLE LEGAL STANDARDS

### A.    Sufficient Factual Matter

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678 "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rule 8 "does not unlock the doors of discovery

for a plaintiff armed with nothing more than conclusions." Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* at 678-679; *citing* FRCP 8(a)(2).

### B.  Pleading With Specificity

FRCP 9(b), which is incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7009, requires that a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud." *In re Sharp*, 561 B.R. 673, 681 (N.D. IL 2016). This requirement is an exception to the generally liberal pleading requirements of the Federal Rules of Civil Procedure. The purpose of this requirement "is to force the plaintiff to do more than the usual investigation" before filing her complaint. *Graue Mill Dev. Corp. v. Colonial Bank & Trust Co.,* 927 F.2d 988, 992 (7th Cir. 1991). Particularity means "the who, what, when, where, and how: the first paragraph of any newspaper story." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.,* 536 F.3d 663, 668 (7th Cir. 2008). Failure to plead with particularity may result in dismissal. *Midwest Grinding Co. v. Spitz,* 976 F.2d 1016, 1020 (7th Cir. 1992).

### III.   ARGUMENTS

The Trustee fails to allege any misconduct on behalf of Menard, and further fails to identify the fraud alleged with specific particularity as required under the applicable court rules and case-law. As such, the Complaint should be dismissed pursuant to FRCP 12(b)(6).

### A. Trustee fails to allege claims with facial plausibility.

To survive the instant Motion, the Trustee's Complaint must contain *sufficient factual matter* to state a claim to relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678. Here, the Trustee has failed to plead any factual content that would allow this court to draw the reasonable inference that actual fraud was involved in the retail transactions engaged in by the Debtor and Menard, or that Menard is liable for the misconduct alleged.

With respect to Count I, the Trustee does not state any allegations to plausibly conclude that the various retail transactions between the Debtor and Menard were engaged in by the Debtor with actual intent to defraud its creditors. Any retail transaction involves the passing of money by the customer and the passing of goods of equivalent value to a customer. The Trustee has alleged that the Debtor participated in numerous different retail transactions at various different stores. Absent, however, from the Trustee's Complaint is any allegation of who was involved, or how these retail transactions were fraudulent. The best that can be said about the Trustee's Complaint is that the Debtor's accounting for these transactions is incorrect. Be that as it may, the Debtor's accounting irregularities or errors cannot be the basis of a plausible argument that the retail transactions at issue here were actually fraudulent. Additionally, the Complaint fails to demonstrate how the Debtor's estate was reduced by the retail transactions that are the subject of the Complaint. At most, the Complaint only asserts the threadbare elements of actual fraud without stating any additional

allegations or providing any specificity whatsoever, which is insufficient under well-established law.

A review of Count I fails to reveal the allegation of any factual content demonstrating Menard should be found liable for actual fraud. Paragraph 21, and subparagraphs (a) through (g) thereof, purport to identify the misconduct of Menard. The Trustee refers to the allegations in paragraph 21 and its subparagraphs as the "badges of fraud." Yet, a closer look at these paragraphs does not reveal the existence of factual content leading to the reasonable inference that Menard is liable for *any* misconduct. Instead, the entirety of paragraph 21, and subparagraphs (a) through (g) thereof, only concern the actions and malfeasance of the Debtor, and its principal, Erik P. Jones ("Jones"). The allegations of Count I are completely devoid of any factual content demonstrating that Menard engaged in any misconduct whatsoever. The focus of the allegations – which are pled in general and without any specifics – only concern the actions of the Debtor as committed by its principal, Jones. There is simply no facial plausibility to Count I of the Complaint.

Moreover, to accept the Trustee's version of the events would lead to every single retail transaction taking place in any Menard location being subject to the reach of a bankruptcy trustee. A cashier at a Menard store cannot possibly be saddled with the responsibility to know that a guest is misbehaving when the cashier is accepting payment for goods sold in the store. The Trustee's Complaint, if accepted, would require every Menard cashier to ask each of its guests the following: (1) Who is paying? (2) What is the relationship of the in-

store guest to the person/entity paying for the goods? (3) What is going to be done with the goods once the guest leaves the store? and (4) Does the guest know if the person or entity, for whom the goods are being purchased, is in the process of, or looking to, file bankruptcy? Retail business would come to a grinding halt if retail stores, such as Menard, were required to operate in such a fashion.

Regarding Count II of the Complaint, again, there is a lack of factual content alleged. Count II alleges that Debtor received less than reasonably equivalent value in the course of the alleged "Fraudulent Transfers," and therefore, should be found liable of constructive fraud. See Dkt. 1, ¶24. However, again, a review of the Complaint reveals that ¶24 states nothing more than generalities as opposed to factual content. The Trustee has not plead any allegations to plausibly conclude that the Debtor received nothing of value in return for payments to Menard. Instead of asserting one, single act of misconduct by Menard, such as giving nothing of value in return to Debtor, ¶24 only restates the elements of constructive fraud. As the Supreme Court noted in *Ashcroft*, "threadbare recitals" of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* at 678.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Here, the allegations of the Complaint does not allow this court to draw a reasonable inference that Menard engaged any misconduct. Guests came to multiple Menard locations, loaded up on goods, and then paid.

Menard has no duty investigate for whom the goods were purchased or where the goods went once the guests left the store. To impose such a requirement on Menard would lead to suspicion over every retail transaction, which simply is not plausible. For the reasons stated herein, Counts I and II of the Complaint must be dismissed for failure to state a claim under FRCP 12(b)(6).

### B. Fraud must be plead with a heightened degree of specificity.

The Trustee's Complaint is devoid of the factual specificity required under the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure to survive the instant Motion. The only two paragraphs in the Complaint that seek to allege misconduct on behalf of Menard can be found in paragraph 21, and subparagraphs (a) through (g) thereof, in Count I, and in paragraph 24 of Count II. Absent from these allegations are the "who, what, when, where, and how" required by the 7th Circuit in *Windy City Metal*. While these paragraphs purport to impute the Debtor's, or its agents', wrongdoing upon Menard, there are simply no allegations identifying *what* Menard did wrong, *when* Menard did something wrong, *where* Menard did something wrong or *how* Menard did something wrong.

FRCP 7009 requires the Trustee to allege the circumstances constituting fraud with particularity. Instead, the subject Complaint only recites the threadbare elements of the causes of action asserted therein. As noted, the purpose of the heightened-specificity-requirement "is to force the plaintiff to do more than the usual investigation" before filing her complaint. *Graue Mill Dev. Corp.*, 927 F.2d at 988. Clearly, the Trustee failed to do anything more than the usual

investigation in this matter as the Complaint fails to identify *any* of the specifics the 7th Circuit required in *Windy City Metal*. Due to the Trustee's failure to plead with the requisite specificity as required by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure and controlling case-law, this Court should dismiss Counts I and II of the Complaint pursuant to FRCP 12(b)(6).

## IV.   CONCLUSION

The Trustee's Complaint does not contain the requisite factual content. Nor does the Trustee allege fraud – either actual or constructive – with sufficient particularity. The Complaint should be dismissed pursuant to FRCP 12(b)(6).

WHEREFORE, Defendant, Menard, Inc., respectfully requests that this Honorable Court enter an order dismissing the Trustee's Complaint with prejudice, award Menard its costs of suit, and for such further and additional relief as this Honorable Court deems just and necessary in the premises.

Respectfully Submitted,

**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**


*/s/ Joshua B. Rosenzweig*
One of Its Attorneys


Craig D. Hasenbalg (chasenbalg@ottosenlaw.com)
W. Anthony Andrews (wandrews@ottosenlaw.com)
Joshua B. Rosenzweig (jrosenzweig@ottosenlaw.com)
**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**
1804 N. Naper Blvd., Ste. 350
Naperville, IL 60563
Phone: (630) 682-0085

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 4th day of March, 2020, a copy of the foregoing was filed and thereafter served using the Court's electronic filing system on the following counsel of record for the Plaintiff:

Andrew W. Covey
Acovey1@hotmail.com

Jeana K. Reinbold
jeana@jeanareinboldlaw.com


                                                   */s/ Joshua B. Rosenzweig*
                                                     Joshua B. Rosenzweig