**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| In Re: ) | |
| ) | |
| I80 Equipment, LLC, ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| Jeana K. Reinbold, Solely as Chapter 7 ) | Case No.: 17-81759 |
| Trustee of the Estate of I80 Equipment, ) | Chapter 7 |
| LLC, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 19-08110 |
| ) | |
| v. ) | |
| ) | |
| Menard, Inc. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT MENARD, INC.'S AMENDED MOTION TO DISMISS**
**FOR FAILURE TO STATE A CLAIM**

NOW COMES Defendant, Menard, Inc. ("Menard"), by and through its attorneys, OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD., and for its Amended Motion to Dismiss for Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Motion"), states as follows:

1. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

2. Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

"show[n]"—"that the pleader is entitled to relief." *Id.* at 678-679; *citing* FRCP 8(a)(2).

3. Here, the Trustee's Complaint alleges that I-80 Equipment, LLC ("Debtor") completed 919 transactions at various Menard locations, which violated §§548(a)(1)(A) and (B) of the Bankruptcy Code ("Code"). In Count I, the Trustee alleges actual fraud under Code §548(a)(1)(A), and in Count II, the Trustee alleges constructive fraud under Code §548(a)(1)(B).

4. The gravamen of the Trustee's claims can be found in paragraphs 17, 18 and 21 of Counts I and II. In paragraphs 17 and 18 of both Counts, the Trustee alleges that fraudulent transfers of the Debtor's funds were made on account of indebtedness and for the benefit of entities related to the Debtor. In paragraph 21 of both Counts, the Trustee alleges the stated "Badges of Fraud" demonstrate the impropriety of the transactions.

5. However, the Trustee's position on the subject transactions is contradicted by state sales-tax law, the Uniform Commercial Code ("UCC") and well-established caselaw, all of which demonstrate the allegations in the Complaint absolutely fail to state causes of action.

6. First, the Illinois Retailers Occupation Tax Act ("ROTA") demonstrates dismissal is appropriate. The ROTA imposes a tax on retailers selling tangible personal property to purchasers and is Illinois' primary means of taxing the retail sale of tangible personal property. *Kean v. Wal-Mart Stores, Inc.*, 235 Ill. 2d 351, 362 (2009). Under the ROTA, a tax is imposed when a retailer such as Menard completes a "sale at retail." 35 ILCS 120/1. Under the statutory scheme,

tax cannot be triggered until title passes, and the tax generated is paid by the person to whom title passes.

7. In this case, the ROTA requires the conclusion that title passed to the Debtor. The Complaint admits that the Debtor provided the valuable consideration to Menard, and, under the ROTA, the person providing the consideration takes title to the goods purchased. Therefore, the Debtor took title to the goods purchased.

8. Moreover, under the ROTA, a "sale at retail" includes "any transfer of the ownership of or title to tangible personal property to a purchaser, for use or consumption by any *other* person to whom such purchaser may transfer the tangible personal property without a valuable consideration." 35 ILCS 120/1 (emphasis added). Since the Debtor paid its money (including sales tax) and received title to the goods in question, the transaction between Menard and the Debtor was complete. Any subsequent transfers by the Debtor do not make the transactions with Menard fraudulent.

9. Second, the UCC also renders the Complaint legally insufficient. The UCC governs the sale of goods. To determine when, for tax purposes, title to property is transferred, Illinois courts apply the "title passing tests" contained in the UCC. *Continental Illinois Leasing Corp. v. Department of Revenue*, 108 Ill.App.3d 583, 587 (1982).

10. Under §§2-401(1) and (2) of the UCC, unless the agreement between the buyer and seller explicitly provides otherwise (and nothing in the Trustee's Complaint indicates it did), title to goods identified to the contract passes

to the buyer at the time and place at which the seller completes physical delivery of the goods." 810 ILCS 5/2-401.

11. Under the UCC, the only conclusion that can be derived from the Trustee's Complaint is that when the Debtor paid for the goods at the Menard checkout counter, title to those goods passed to the Debtor, and the Debtor became the owner of such goods as a matter of law. The Trustee's allegations that the goods purchased were enjoyed by one or more related entities, that the consideration received by the Debtor was inadequate, or that the Debtor was insolvent as a result of these transactions, is simply not supported by applicable law.

12. Third, applicable caselaw demonstrates the fallacies in the Complaint. In *In re Cohen*, the United States Bankruptcy Appellate Panel of the Ninth Circuit relied on the UCC to determine the propriety of certain complained-of automobile transactions the trustee alleged to be violative of §§548(a)(1)(A) and (a)(1)(B) of the Code. 199 B.R. 709 (9th Cir. 1996). *Cohen* clearly states that a merchant's liability should only depend upon the substantive merits of the "merchant-customer transaction." *Id.* at 715.

13. In applying *Cohen* here, there is nothing pled by the Trustee concerning the substance of the Debtor's transactions at Menard. Aside from the bald assertions made in paragraphs 17, 18 and 21 of each count of the Complaint, the Trustee has not pled anything demonstrating Menard had any reason to suspect the Debtor's "skullduggery." The sales made that the Trustee complains of here should be viewed as ordinary, market-price sales between merchant and

customer, which, without significantly more information, cannot alone constitute fraudulent transfers.

14. In *In re Think Retail Solutions, LLC* ("*TRS*"), the United States Bankruptcy Court for the Northern District of Georgia was presented with a set of facts nearly identical to that of the instant case. 2019 WL 2912717 (2019). Instead of the purchase of consumer goods at Menard, *TRS* involved the purchase of airline tickets from Delta Air Lines, Inc. ("Delta"). The Court stated, "[h]ere, Simpson purchased services, and the services were provided. Perhaps her spending was irresponsible in light of her debts, but poor judgment is not necessarily indicative of intent to hinder, delay, or defraud."

15. Application of *TRS* to the instant case demonstrates that the Complaint should be dismissed because the transfers at issue cannot be considered fraudulent. Here, as in *TRS*, the Complaint concerns arm's length transactions where the Debtor transferred property and received value. The only difference being that TRS concerned the purchase of airline tickets for Simpson, her family and friends, while here, the Debtor purchased consumer goods and then transferred them to insiders or related entities.

16. Both counts of the Complaint are deficient, and therefore, should be dismissed. The UCC, applicable sales-tax law and relevant case-law conclusively demonstrate the complained-of transactions were not fraudulent.

WHEREFORE, Defendant, Menard, Inc., respectfully requests that this Honorable Court enter an order dismissing the Trustee's Complaint with prejudice,

award Menard its costs of suit, and for such further and additional relief as this Honorable Court deems just and necessary in the premises.

       Respectfully Submitted,

       **OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**

       Joshua B. Rosenzweig

Craig D. Hasenbalg (chasenbalg@ottosenlaw.com)
W. Anthony Andrews (wandrews@ottosenlaw.com)
Joshua B. Rosenzweig (jrosenzweig@ottosenlaw.com)
**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**
1804 N. Naper Blvd., Ste. 350
Naperville, IL 60563
Phone: (630) 682-0085

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 15th day of May, 2020, a copy of the foregoing was filed and thereafter served using the Court's electronic filing system on the following counsel of record for the Plaintiff:

Andrew W. Covey
Acovey1@hotmail.com

Jeana K. Reinbold
jeana@jeanareinboldlaw.com

                                              */s/ Joshua B. Rosenzweig*
                                                Joshua B. Rosenzweig