**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| I80 Equipment, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Jeana K. Reinbold, Solely as Chapter 7 | ) | Case No.: 17-81749 |
| Trustee of the Estate of I80 Equipment, | ) | Chapter 7 |
| LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 19-08110 |
| | ) | |
| v. | ) | |
| | ) | |
| Menard, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER TO COMPLAINT**

NOW COMES Defendant, Menard, Inc. ("Defendant"), by and through its attorneys, Ottosen DiNolfo Hasenbalg & Castaldo, Ltd., and for its Answer to the Adversary Complaint filed by Plaintiff, Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC, states as follows:

**JURISDICTION AND VENUE**

1.  This adversary proceeding arises under the above-captioned chapter 7 case, currently pending in this district.

**Answer:  Defendant admits the allegations stated in paragraph 1.**

2.  The court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 1334, 151, 157(a) and (b)(2)(H). The Plaintiff consents to entry of final orders or judgment by this Court.

**Answer:     Defendant admits the allegations stated in paragraph 2.**

3.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1409(a).

**Answer:     Defendant admits the allegations stated in paragraph 3.**

## PARTIES

4.     The Plaintiff is the duly appointed chapter 7 trustee in the above referenced chapter 7 case.

**Answer:     Defendant admits the allegations stated in paragraph 4.**

5.     The Defendant is a Wisconsin corporation with its principal office at 5101 Menard Dr., Eau Claire, WI 54703-9604.

**Answer:     Defendant admits the allegations stated in paragraph 5.**

## COMMON FACTS

6.     180 Equipment, LLC ("Debtor") filed a Chapter 7 bankruptcy petition herein on December 6, 2017. Plaintiff was appointed chapter 7 trustee of the case on said date.

**Answer:     Defendant admits the allegations stated in paragraph 6.**

7.     Debtor was an Illinois limited liability company formed June 14, 2007 with its principal office at 120 Walnut Lane, Colona, IL 61241. Debtor was involuntary dissolved on December 14, 2018.

**Answer:     Defendant admits the allegations stated in paragraph 7.**

8.     At all times relevant herein, Erik P. Jones ("Jones") (a) was the sole member of Debtor; (b) owned 100% of the membership interests in Debtor; and (c) was the sole manager of Debtor.

**Answer:     Defendant does not have sufficient information to either admit or deny the allegations stated in paragraph 8.**

9. Prior to filing bankruptcy, the Debtor operated a commercial business whereby it purchased and refurbished bucket trucks for resale.

**Answer:　Defendant does not have sufficient information to admit or deny the allegations stated in paragraph 9.**

10. Jones Lease Properties, LLC ("Jones Lease") is an Illinois limited liability company formed January 21, 2004 with its principal office at 496 Briargate Dr., Colona, IL 61241.

**Answer:　Defendant admits the allegations stated in paragraph 10.**

11. Jones Lease operates a rental/management company providing single-family and multi-family rental options in the Quad Cities area.

**Answer:　Defendant does not have sufficient information to admit or deny the allegations stated in paragraph 11.**

12. At all times relevant herein, Jones (a) was the sole member of Jones Lease; (b) owned 100% of the membership interests in Jones Lease; and (c) was the sole manager of Jones Lease.

**Answer:　Defendant does not have sufficient information to admit or deny the allegations stated in paragraph 12.**

13. J.P. Rentals, LLC ("JP Rentals") is an Illinois limited liability company formed March 13, 2008 with its principal office at 20490 E. 550th St., Colona, IL 61241.

**Answer:　Defendant admits the allegations stated in paragraph 13.**

14. JP Rentals was formed to offer rental options in larger commercial multi-unit properties.

**Answer: Defendant does not have sufficient information to admit or deny the allegations stated in paragraph 14.**

15. At all times relevant herein, Jones (a) was the sole member of JP Rentals; (b) owned 100% of the membership interests in JP Rentals; and (c) was the sole manager of JP Rentals.

**Answer: Defendant does not have sufficient information to either admit or deny the allegations stated in paragraph 15.**

16. Within two (2) years of bankruptcy, Debtor transferred $707,322.95 of its funds, net of refunds, to or for the benefit of the Defendant by credit card, debit and/or check ("Fraudulent Transfers"). The dates and amounts of said transfers are set forth on attached Exhibit "A" through "C".

**Answer: Defendant admits that Debtor paid Defendant by credit card, debit and/or check for goods purchased at its retail stores within two years of Debtor's bankruptcy. Further answering, Defendant asserts that Exhibits A through C to the Adversary Complaint speak for themselves.**

17. The Fraudulent Transfers were made on account of indebtedness owed by Jones, Jones Lease and or JP Rentals, not the Debtor.

**Answer: Defendant does not have sufficient information to admit or deny the allegations stated in paragraph 17.**

18. Any obligations incurred within two (2) years of bankruptcy by the Debtor to Defendant were for the benefit of Jones, Jones Lease, JP Rentals or other individuals or non-Debtor entities ("Fraudulent Obligations"), not the Debtor.

**Answer:     Defendant does not have sufficient information to admit or deny the allegations stated in paragraph 18.**

### COUNT I
### (11 U.S.C. § 548(a)(1)(A) – Actual Fraud)

19.    The Trustee repeats and realleges averments 1 through 18 of her Complaint as if set forth fully herein.

**Answer:     Defendant restates its answers to paragraphs 1 through 18 as though fully stated herein.**

20.    This Count is brought pursuant to 11 U.S.C. §§ 548(a)(l)(A), 550(a)(l) and 551.

**Answer:     Defendant does not have sufficient information to admit or deny the allegations stated in paragraph 20.**

21.    Upon information and belief, Debtor made the Fraudulent Transfers with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfer was made, indebted, as demonstrated by, including but not limited to, the following facts which constitute badges of fraud:

(a)    There was a close relationship between the entities for whose benefit the Fraudulent Transfers were made and the Debtor, as Jones was the sole member of all entities, and all entities were controlled and directed by Jones.

(b)    The consideration received by the Debtor for the Fraudulent Transfers was inadequate, as the Fraudulent Transfers were wholly made for the benefit of Jones and his other entities, and not the Debtor.

(c)    The Debtor was insolvent or became insolvent shortly after the Fraudulent Transfers were made or the Fraudulent Obligations were incurred.

    (d) Jones retained indirect control over all the properties into which materials purchased from the Defendant were incorporated after the Fraudulent Transfers, as such properties were owned by Jones Lease and JP Rentals which Jones controlled.

    (e) Jones' pattern of recklessly using the Debtor's funds to purchase non Debtor and luxury items for his other entities and his own personal use after the Debtor had incurred substantial debt.

    (f) In making the Fraudulent Transfers to or for the benefit of his other entities, Jones engaged in conscious misbehavior and recklessness. No legitimate business purpose of the Debtor was served by making any of the Fraudulent Transfers. The only purpose of said transfers were to further the real estate business of Jones' other entities.

    (g) The Fraudulent Transfers to Jones Lease and JP Rentals were concealed, as they were recorded in the Debtor's books, not as gifts, but as accounts receivable. Said entities had no obligation to repay the Fraudulent Transfers to the Debtor.

(collectively, "Badges of Fraud").

**Answer: Defendant does not have sufficient information to admit or deny the allegations stated in paragraph 21 and subparts (a) through (g) thereof.**

  22. The Fraudulent Obligations were incurred with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such transfer was made, indebted, as demonstrated by, including but not limited to, the above Badges of Fraud.

**Answer: Defendant does not have sufficient information to admit or deny the allegations stated in paragraph 22.**

WHEREFORE, Defendant, Menard, Inc., denies that Plaintiff, Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC, is entitled to judgement in any amount whatsoever, and prays this Court enter judgment against Plaintiff and in favor of Defendant, and any other relief that this Court deems just and necessary.

### COUNT II
### (11 U.S.C. §548(a)(I)(B)-Constructive Fraud)

22. Plaintiff repeats and realleges averments 1-21 as if set forth fully herein.

**Answer: Defendant restates its answers to paragraphs 1 through 18 as though fully stated herein.**

23. This count is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B),550 (a)(1) and 551.

**Answer: Defendant does not have sufficient information to admit or deny the allegations stated in paragraph 23.**

24. Debtor received less than a reasonably equivalent value in exchange for the Fraudulent Transfers and the Fraudulent Obligations and, as is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery: (1) was insolvent on the dates that such transfers were made and such obligations were incurred, or became insolvent as a result of such transfers and such obligations; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (3) intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

**Answer: Defendant denies the allegations stated in paragraph 24 and demands strict proof thereof.**

WHEREFORE, the Defendant, Menard, Inc., denies that Plaintiff, Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC, is entitled to judgment in any amount whatsoever, and prays that this Court enter judgment against Plaintiff and in favor of Defendant, and any other relief that this Court deems just and necessary.

Respectfully Submitted,

**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**

/s/ Joshua B. Rosenzweig
One of Its Attorneys

Craig D. Hasenbalg (chasenbalg@ottosenlaw.com)
W. Anthony Andrews (wandrews@ottosenlaw.com)
Joshua B. Rosenzweig (jrosenzweig@ottosenlaw.com)
**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**
1804 N. Naper Blvd., Ste. 350
Naperville, IL 60563
Phone: (630) 682-0085

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| I80 Equipment, LLC, | ) | |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| Jeana K. Reinbold, Solely as Chapter 7 | ) | Case No.: 17-81749 |
| Trustee of the Estate of I80 Equipment, | ) | Chapter 7 |
| LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 19-08110 |
| | ) | |
| v. | ) | |
| | ) | |
| Menard, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**<u>AFFIRMATIVE DEFENSE – GOOD FAITH TRANSFEREE</u>**

NOW COMES Defendant, Menard, Inc. ("Defendant"), by and through its attorneys, Ottosen DiNolfo Hasenbalg & Castaldo, Ltd., and for its Affirmative Defense to the Adversary Complaint filed by Plaintiff, Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC, states as follows:

1. Defendant is a corporation that owns and operates, approximately, 350 home-improvement stores throughout the midwestern United States.

2. At each of its approximate 350 locations, hundreds of retail transactions, via credit card, debit card, check and cash, are processed on a daily basis.

3. For each retail transaction completed at each location, a cashier processes payment in the form of either credit card, debit card, check or cash from a guest.

4. All of the goods purchased in each retail transaction have a retail price for which the guest must pays to Defendant before taking the goods from the Defendant's location.

5. None of the cashiers at any of Defendant's locations are directed to inquire of a guest what the guest's intentions are with the goods being purchased.

6. Debtor completed over 900 retail transactions at Defendant's locations in Illinois and Iowa.

7. Each retail transaction involved the Debtor, through one of its agents, using a credit card or debit card owned and funded by Debtor, to pay for the goods purchased.

8. None of Defendant's agents – cashiers, front-end managers or store general managers – had any reason to believe that any of the transactions completed by Debtor, through its agents, involved any type of fraudulent scheme to hinder, delay or defraud creditors of Debtor.

WHEREFORE, the Defendant, Menard, Inc., denies that Plaintiff, Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC, is entitled to judgment in any amount whatsoever, and prays that this Court enter judgment against Plaintiff and in favor of Defendant, and any other relief that this Court deems just and necessary.

    Respectfully Submitted,

    **OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**

    <u>/s/     Joshua B. Rosenzweig          </u>
    One of Its Attorneys

Craig D. Hasenbalg (chasenbalg@ottosenlaw.com)
W. Anthony Andrews (wandrews@ottosenlaw.com)
Joshua B. Rosenzweig (jrosenzweig@ottosenlaw.com)
**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**
1804 N. Naper Blvd., Ste. 350
Naperville, IL 60563
Phone: (630) 682-0085