**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re:<br>I80 Equipment, LLC<br><br>　　　Debtor(s). | Case No. 17-81749<br><br>Chapter 7 |
| Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC<br><br>　　　Plaintiff,<br><br>v.<br><br>Menard, Inc.<br><br>　　　Defendant | AP. No.  19-8110 |

**PRETRIAL STATEMENT**

**BRIEF STATEMENT OF THEORY OF CAUSE OF ACTION**

Menard, Inc. ("Defendant") received $707,322.95 in actual and/or constructive fraudulent transfers during the two (2) years before bankruptcy.

**BRIEF SUMMARY OF PLAINTIFF'S CONTENTIONS OF FACTS AND EVIDENCE TO BE RELIED UPON**

Within two (2) years of bankruptcy, funds of the Debtor in the amount of $707,322.95 were transferred to or for the benefit of the Defendant ("Transfers") in return for value provided to, or on account of indebtedness owed by, Erik R. Jones ("Jones"), Jones Lease Properties, LLC ("Jones Lease"), J.P. Rentals, LLC ("JP Rentals) or other individuals or non-Debtor entities, not the Debtor. Any obligations incurred within said period by the Debtor to the Defendant ("Obligations") were for the benefit of Jones, Jones Lease, JP Rentals or other individuals or non-Debtor entities, not the Debtor.

Debtor made the Transfers and incurred any Obligations with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such Transfers were made or any such Obligations were incurred, indebted.

Debtor received less than a reasonably equivalent value in exchange for the Transfers and any Obligations and: (1) was insolvent on the dates that such Transfers were made and any such Obligations were incurred, or became insolvent as a result of such Transfers and any such Obligations; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (3) intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured.

Evidence to be relied upon will be:

1. Credit card records, Debtor's records and other documents relating to payments made to or for the benefit of Defendant within two (2) years of bankruptcy for the benefit of Jones, Jones Lease, JP Rentals or other individuals or non-Debtor entities, not Debtor.

2. Documents relating to the member and manager of Debtor, Jones Lease, JP Rentals or other non-Debtor entities.

3. Documents relating to the nature of the businesses operated by Debtor, Jones Lease, JP Rentals or other non-Debtor entities.

4. Documents relating to each of the Transfers and any credits, including

but not limited to purchase orders, invoices and receipts.

5. Any contracts, agreements or charge accounts entered into between Defendant and/or Debtor, Jones, Jones Lease, JP Rentals or other individuals or non-Debtor entities.

6. Documents relating to the Debtor's insolvency, unreasonably small capital and/or inability to pay debts as they matured.

7. Documents relating to Jones' pattern of recklessly using the Debtor's funds to purchase non-Debtor and/or luxury items for his other entities or his own personal use.

8. Other records produced during discovery.

9. Testimony of Plaintiff, Jones, employees/agents of Debtor, Jones, Jones Lease, JP Rentals and Defendant and other witnesses produced during discovery.

**BRIEF SUMMARY OF DEFENSES AND THEORY OF THE CASE**

Defendant contends that the 919 complained-of transactions were "arm's length" transactions in which the Debtor received value in the form of goods purchased from Defendant. Defendant further contends that state sales-tax laws, the Uniform Commercial Code and applicable case-law demonstrate that title to goods purchased in the 919 complained-of transactions passed to the Debtor upon consummation of each transaction.

**BRIEF SUMMARY OF DEFENDANT'S CONTENTIONS OF FACTS
AND EVIDENCE TO BE RELIED UPON**

Defendant should not be forced to disgorge any portion of the funds it received from the Debtor during the course of the 919 complained-of

transactions at issue in this case. In each instance, a retail transaction was consummated wherein the Debtor paid a market price for each good purchased, took possession and title to the goods purchased, and the Debtor further received value in exchange for the funds transferred to the Defendant.

Defendant does not train its cashiers at any of its 350 locations to inquire of any guest what the guest's intentions are with respect to the goods being purchased. Each retail transaction involved the Debtor, through one of its agents, using a credit card or debit card owned and funded by Debtor, to pay for the goods purchased. None of Defendant's agents – cashiers, front-end managers or store general managers – had any reason to believe that any of the transactions completed by Debtor, through its agents, involved any type of fraudulent scheme to hinder, delay or defraud creditors of Debtor.

Evidence to be relied upon will include:

    1.    Sales receipts from each transaction;

    2.    Credit card records;

    3.    Defendant's operational policies related to cashiers, front-end managers and store general managers handling of guest transactions;

    4.    Documents relating to each of the Transfers and any credits, including but not limited to purchase orders, invoices and receipts;

    5.    Any contracts, agreements or charge accounts entered into between Defendant and/or Debtor;

    6.    Other records produced during discovery; and

    7.    Testimony of Plaintiff, Jones, employees/agents of Debtor, Jones,

Jones Lease, JP Rentals and Defendant and other witnesses produced during discovery.

**JOINT STATEMENT OF UNCONTESTED FACTS**

1. This adversary proceeding arises under the above-captioned chapter 7 case, currently pending in this district.

2. The court has jurisdiction over this adversary pursuant to 28 U.S.C. §§ 1334, 151, 157(a) and (b)(2)(H). The Plaintiff consents to entry of final orders or judgment by this Court.

3. Venue is proper in this jurisdiction pursuant to 28 U.S.C. §1409(a).

4. Plaintiff is the duly appointed chapter 7 trustee in the above referenced chapter 7 case.

5. The Defendant is a Wisconsin corporation with its principal office at 5101 Menard Dr., Eau Claire, WI  54703-9604.

6. I80 Equipment, LLC ("Debtor") filed a Chapter 7 bankruptcy petition herein on December 6, 2017.  Plaintiff was appointed chapter 7 trustee of the case on said date.

7. Debtor was an Illinois limited liability company formed June 14, 2007 with its principal place of business at all times relevant herein at 20490 E. 550th St., Colona, IL  61241.  Debtor was involuntary dissolved on December 14, 2018.

8. Jones Lease is an Illinois limited liability company formed January 21, 2004 with its principal place of business at all times relevant herein at 20490 E. 550th St., Colona, IL  61241.

9. JP Rentals is an Illinois limited liability company formed March 13, 2008 with its principal place of business at all times relevant herein at 20490 E. 550th St., Colona, IL 61241.

10. Within two (2) years of bankruptcy, Debtor transferred $707,322.95 of its funds, net of refunds, to Defendant by credit card, debit and/or check. The dates and amounts of such transfers are set forth on Exhibits "A" through "C" attached to Plaintiff's Complaint filed herein (Court Docs. 1-1, 1-2 and 1-3).

## PLAINTIFF'S STATEMENT OF CONTESTED FACTS

Whether:

1. At all times relevant herein, Jones (a) was the sole member of Debtor; (b) owned 100% of the membership interests in Debtor; and (c) was the sole manager of Debtor;

2. At all times relevant herein, Debtor operated a commercial business whereby it purchased and refurbished bucket trucks for resale;

3. At all times relevant herein Jones Lease operated a rental/management company providing single-family and multi-family rental options in the Quad Cities area;

4. At all times relevant herein, Jones (a) was the sole member of Jones Lease; (b) owned 100% of the membership interests in Jones Lease; and (c) was the sole manager of Jones Lease;

5. At all times relevant herein, JP Rentals offered rental options in larger commercial multi-unit properties;

6. At all times relevant herein, Jones (a) was the sole member of JP Rentals; (b) owned 100% of the membership interests in JP Rentals; and (c) was the sole manager of JP Rentals;

7. The Transfers were wholly made in exchange for value provided to, or on account of indebtedness owed by, Jones, Jones Lease, JP Rentals or other individuals or non-Debtor entities;

8. The Debtor received no value in exchange for any of the Transfers.

9. Any Obligations were for the benefit of Jones, Jones Lease, JP Rentals or other individuals or non-Debtor entities, not the Debtor;

10. Count I of Plaintiff's Complaint is brought pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and 551;

11. Debtor made the Transfers with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that such Transfers were made, indebted, as demonstrated by, including but not limited to, the following facts which constitute badges of fraud:

(a) There was a close relationship between the entities for whose benefit the Transfers were made and the Debtor, as Jones was the sole member of all entities, and all entities were controlled and directed by Jones.

(b) The consideration received by the Debtor in exchange for the Transfers was inadequate, as the Transfers were wholly made for the benefit of Jones, his other entities or other individuals or non-Debtor entities, and not the Debtor.

(c) The Debtor was insolvent or became insolvent shortly after the Transfers were made or any Obligations were incurred.

(d) Jones retained indirect control over all the properties into which any materials purchased from the Defendant were incorporated after the Transfers, as such properties were owned by Jones Lease, JP Rentals or other entities which Jones controlled.

(e) Jones' pattern of recklessly using the Debtor's funds to purchase non-Debtor and luxury items for his other entities, his own personal use or other individuals or non-Debtor entities after the Debtor had incurred substantial debt.

(f) In making the Transfers to or for the benefit of his other entities, Jones engaged in conscious misbehavior and recklessness. No legitimate business purpose of the Debtor was served by making any of such Transfers. The only purpose of such Transfers were to further the real estate business of Jones' other entities.

(g) The Transfers made for the benefit of Jones Lease and JP Rentals were concealed, as they were recorded in the Debtor's books, not as gifts, but as accounts receivable. Said entities had no obligation to repay the Transfers to the Debtor. (collectively, "Badges of Fraud");

12. Any Obligations were incurred with actual intent to hinder, delay or defraud any entity to which Debtor was or became, on or after the date that any Obligations were incurred, indebted, as demonstrated by, including but not limited to, the above Badges of Fraud;

13. Count II is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550 (a)(1) and 551;

14. Debtor received less than a reasonably equivalent value in exchange for the Transfers and any Obligations and: (1) was insolvent on the dates that such Transfers were made and any such Obligations were incurred, or became insolvent as a result of such Transfers and any such Obligations; (2) was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Debtor was an unreasonably small capital; or (3) intended to incur, or believed that Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured;

15. Defendant took none of the Transfers in good faith; and

16. The purchaser or buyer of any goods from Defendant was Jones, Jones Lease, JP Rentals or other individuals or non-Debtor entities, not the Debtor.

17. Plaintiff's Contested Facts also include all allegations of Plaintiff's Complaint which were not admitted by Defendant.

18. Plaintiff reserves the right to contest additional facts or contend that contested facts are no longer disputed.

**DEFENDANT'S STATEMENT OF CONTESTED FACTS**

Whether:

1. Defendant is a corporation that owns and operates, approximately, 350 home-improvement stores throughout the midwestern United States.

2.  At each of its approximate 350 locations, hundreds of retail transactions, via credit card, debit card, check and cash, are processed on a daily basis.

3.  For each retail transaction completed at each location, a cashier processes payment in the form of either credit card, debit card, check or cash from a guest.

4.  All of the goods purchased in each retail transaction have a retail price for which the guest must pay to Defendant before taking the goods from the Defendant's location.

5.  None of the cashiers, front-end managers or store general managers at any of Defendant's locations are directed to inquire of a guest what the guest's intentions are with respect to the goods being purchased.

7.  Debtor completed 919 retail transactions at Defendant's locations in Illinois and Iowa.

8.  Each retail transaction involved the Debtor, through one of its agents, using a credit card or debit card owned and funded by Debtor, to pay for the goods purchased.

9.  None of Defendant's agents – cashiers, front-end managers or store general managers – had any reason to believe that any of the transactions completed by Debtor, through its agents, involved any type of fraudulent scheme to hinder, delay or defraud creditors of Debtor.

10. Debtor took possession of each good purchased in each transaction.

11. Debtor took title to each of the goods purchased.

12. Defendant also reserves the right to contest additional facts or contend certain contested facts are no longer disputed.

13. Defendant's Contested Facts include, in addition to the contested facts stated herein, all allegations of Plaintiff's Complaint that Defendant did not admit in its Answer thereto.

### PLAINTIFF'S STATEMENT OF CONTESTED LEGAL ISSUES

Whether:

1. Count I of Plaintiff's Complaint is brought pursuant to 11 U.S.C. §§ 548(a)(1)(A), 550(a)(1) and 551;

2. Count II of Plaintiff's Complaint is brought pursuant to 11 U.S.C. §§ 548(a)(1)(B), 550(a)(1) and 551;

3. This Court should enter a judgment upon Counts I and/or II:

(a) avoiding the Transfers in the amount of $707,322.95;

(b) avoiding any Obligations;

(c) in favor of Plaintiff and against Defendant for $707,322.95 plus court costs and prejudgment interest;

(d) preserving the Transfers for the benefit of this Estate; and

(e) granting Plaintiff such other relief as is just and equitable;

4. Defendant consents to entry of final orders or judgment by this Court;

5. Defendant has withdrawn its initial Motion To Dismiss and its Memorandum in Support thereof (Court Docs. 11 and 12); and

6. Defendant's good faith is irrelevant under 11 U.S.C. §§ 548(c) and 550(a)(1) given Defendant gave no value to the Debtor in exchange for any Transfer and for any Obligation and was the initial transferee.

7. Plaintiff reserves the right to contest additional legal issues or contend that contested legal issues are no longer disputed.

## DEFENDANT'S STATEMENT OF CONTESTED LEGAL ISSUES

Whether:

1. This Court should enter a judgment upon Counts I and/or II:

(a) avoiding the Transfers in the amount of $707,322.95;

(b) avoiding any Obligations;

(c) in favor of Plaintiff and against Defendant for $707,322.95 plus court costs and prejudgment interest;

(d) preserving the Transfers for the benefit of this Estate; and

(e) granting Plaintiff such other relief as is just and equitable;

2. Defendant's good faith is relevant under 11 U.S.C. §§ 548(c) and 550(a)(1) since Defendant gave value to the Debtor in exchange for the Transfers;

3. Title to the goods purchased in each transaction passed from the Defendant to the Debtor at the completion of the complained-of retail transactions; and

4. Defendant reserves the right to contest additional legal issues or contend that contested legal issues are no longer disputed.

Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC

By: /s/Andrew W. Covey
One of her Attorneys
Andrew W. Covey (acovey1@hotmail.com)
416 Main Street, Suite 700
Peoria, IL 61602
Tel:  (309) 674-8125

Menard, Inc.

By: /s/Joshua B. Rosenzweig
One of its Attorneys
Craig D. Hasenbalg (chasenbalg@ottosenlaw.com)
W. Anthony Andrews (wandrews@ottosenlaw.com)
Joshua B. Rosenzweig (jrosenzweig@ottosenlaw.com)
1804 N. Naper Blvd. Suite 350
Naperville, IL  60563
Tel:  (630) 682-0085