**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| In Re: ) <br> ) <br> I80 Equipment, LLC, ) <br> ) <br>       Debtor. ) <br> ) <br>———————————————) <br> ) <br> Jeana K. Reinbold, Solely as Chapter 7 ) <br> Trustee of the Estate of I80 Equipment, ) <br> LLC, ) <br> ) <br>       Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Menard, Inc. ) <br> ) <br>       Defendant. ) | Case No.: 17-81749 <br> Chapter 7 <br><br> Adversary No. 19-08110 |

**MENARD'S MOTION FOR LEAVE TO FILE AMENDED AFFIRMATIVE DEFENSES**

NOW COMES Defendant, Menard, Inc. ("Defendant"), by and through its attorneys, Ottosen DiNolfo Hasenbalg & Castaldo, Ltd., and for its Motion for Leave to File Amended Affirmative Defenses to the Adversary Complaint ("Complaint") filed by Plaintiff, Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC ("Plaintiff"), states as follows:

1. That on September 22, 2020, Defendant filed its Answer and Affirmative Defense to the Adversary Complaint filed by Plaintiff.

2. That Defendant seeks leave to file Amended Affirmative Defenses to the Complaint. A copy of the Amended Affirmative Defenses is attached hereto and marked as Exhibit A.

3. That counsel for the Defendant has spoken with Plaintiff's counsel.

4. That neither party will be prejudiced by the granting of this motion.

WHEREFORE, Defendant, Menard, Inc., respectfully requests that this Honorable Court enter an order granting Defendant leave to file its Amended Affirmative Defenses and for such further and additional relief as this Honorable Court deems just and necessary.

                Respectfully Submitted,

                **OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**

                /s/    Joshua B. Rosenzweig
                One of Its Attorneys

Craig D. Hasenbalg (chasenbalg@ottosenlaw.com)
W. Anthony Andrews (wandrews@ottosenlaw.com)
Joshua B. Rosenzweig (jrosenzweig@ottosenlaw.com)
James G. Wargo (jwargo@ottosenlaw.com)
**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**
1804 N. Naper Blvd., Ste. 350
Naperville, IL 60563
Phone: (630) 682-0085

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: ) <br> ) <br> I80 Equipment, LLC, ) <br> ) <br>  Debtor. ) <br> ──────────────────────── ) <br> ) <br> Jeana K. Reinbold, Solely as Chapter 7 ) <br> Trustee of the Estate of I80 Equipment, ) <br> LLC, ) <br> ) <br>  Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Menard, Inc. ) <br> ) <br>  Defendant. ) | Case No.: 17-81749 <br> Chapter 7 <br><br> Adversary No. 19-08110 |

### AMENDED AFFIRMATIVE DEFENSES

NOW COMES Defendant, Menard, Inc. ("Defendant"), by and through its attorneys, Ottosen DiNolfo Hasenbalg & Castaldo, Ltd., and for its Amended Affirmative Defenses to the Adversary Complaint filed by Plaintiff, Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC, states as follows:

### First Affirmative Defense – Good-Faith Transferee

1. Defendant is a corporation that owns and operates, approximately, 350 home-improvement stores throughout the midwestern United States.

2. At each of its approximate 350 locations, hundreds of retail transactions, via credit card, debit card, check and cash, are processed on a daily basis.

3. For each retail transaction completed at each location, a cashier processes payment in the form of either credit card, debit card, check or cash from a guest.


EXHIBIT A

4. All of the goods purchased in each retail transaction have a retail price for which the guest must pays to Defendant before taking the goods from the Defendant's location.

5. None of the cashiers at any of Defendant's locations are directed to inquire of a guest what the guest's intentions are with the goods being purchased.

6. Debtor completed over 2,000 retail transactions at Defendant's locations in Illinois and Iowa.

7. Each retail transaction involved the Debtor, through one of its agents, using a credit card or debit card owned and funded by Debtor, to pay for the goods purchased.

8. None of Defendant's agents – cashiers, front-end managers or store general managers – had any reason to believe that any of the transactions completed by Debtor, through its agents, involved any type of fraudulent scheme to hinder, delay or defraud creditors of Debtor.

## Second Affirmative Defense – Judicial Estoppel

1. The doctrine of judicial estoppel prevents a party from taking contradictory positions in separate judicial proceedings. Moy v. Ng, 371 Ill. App. 3d 957, 962 (2007).

2. In the Jones Lease bankruptcy, Case No. 19-80014, Plaintiff filed a claim against the bankruptcy estate contending that its claim was based on funds transferred from Debtor *to* Jones Lease prior to the time Debtor filed bankruptcy. See Claim 5-1 and 5-2 filed July 31, 2019.

3. Plaintiff benefitted from the advancement of such claims by settling its claim for $125,000.00. See Doc. No. 438 entered September 25, 2020 in the Jones Lease bankruptcy, Case No. 19-80014.

4. Here, Plaintiff claims the *same* funds were transferred from Debtor *directly to* Menard and that Menard gave no value to Debtor in return.

5. Plaintiff would receive an inequitable windfall if it could benefit by taking a legal position in one case and then seek a duplicative benefit in another case by taking a wholly contradictory position.

6. Plaintiff should be estopped from making a claim against Menard by taking an opposing legal position in this proceeding.

### Third Affirmative Defense – Subsequent Transferee

1. Jones, Jones Lease and/or JP Rentals completed the Fraudulent Transfers at Menard locations in Iowa and Illinois.

2. In consummating the Fraudulent Transfers, Jones, Jones Lease and/or JP Rentals utilized the Debtor's funds in the form of the Debtor's credit cards.

3. Jones, Jones Lease and/or JP Rentals exercised dominion and control over the Debtor's funds by purchasing goods beneficial to their respective interests.

4. Menard had no reason to believe the Fraudulent Transfers were anything other than ordinary business transactions.

5. Menard had no knowledge that the transactions completed by Jones, Jones Lease and/or JP Rentals were part of a scheme of the Debtor to defraud its creditors.

6. In each of the Fraudulent Transfers, Menard gave value to Jones, Jones Lease and/or JP Rentals.

### Fourth Affirmative Defense – Failure to State a Claim

1. Plaintiff has failed to allege sufficient facts to show the right to relief is more than speculative and, moreover, fails to "state a claim that is plausible on its face" (see, e.g., Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1965, 1974 (2007)).

2. Accordingly, the allegations of the Complaint do not meet the pleading requirements of Fed. R. Civ. P. 8(a)(2), made applicable to this adversary proceeding by Fed.R.Bankr.P. 7008, and should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6), made applicable to this adversary proceeding by Fed.R.Bankr.P. 7012(b).

As discovery has not yet formally concluded, Menard reserves the right to assert any other defense available at law or in equity and to amend its Answer as necessary.

WHEREFORE, the Defendant, Menard, Inc., denies that Plaintiff, Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC, is entitled to judgment in any amount whatsoever, and prays that this Court enter judgment against Plaintiff and in favor of Defendant, and any other relief that this Court deems just and necessary.

Respectfully Submitted,

**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**

/s/   Joshua B. Rosenzweig
One of Its Attorneys

Craig D. Hasenbalg (chasenbalg@ottosenlaw.com)
W. Anthony Andrews (wandrews@ottosenlaw.com)
Joshua B. Rosenzweig (jrosenzweig@ottosenlaw.com)
James G. Wargo (jwargo@ottosenlaw.com)
**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**
1804 N. Naper Blvd., Ste. 350
Naperville, IL 60563
Phone: (630) 682-0085

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re:<br><br>180 Equipment, LLC,<br><br>　　　　　Debtor.<br><br>Jeana K. Reinbold, Solely as Chapter 7 Trustee of the Estate of 180 Equipment, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Menard, Inc.<br><br>　　　　　Defendant. | Case No.: 17-81749<br>Chapter 7<br><br>Adversary No. 19-08110 |

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 15th day of April, 2022, a copy of the foregoing **Menard's Motion for Leave to File Amended Affirmative Defenses** was filed and thereafter served using the Court's electronic filing system on the following counsel of record for the Plaintiff:

Andrew W. Covey
Acovey1@hotmail.com

Jeana K. Reinbold
jeana@jeanareinboldlaw.coM

　　　　　　　　　　　　　　　　　　　　/S/ Joshua B. Rosenzweig
　　　　　　　　　　　　　　　　　　　　Joshua B. Rosenzweig

Craig D. Hasenbalg (chasenbalg@ottosenlaw.com)
W. Anthony Andrews (wandrews@ottosenlaw.com)
Joshua B. Rosenzweig (jrosenzweig@ottosenlaw.com)
**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**
1804 N. Naper Blvd., Ste. 350
Naperville, IL 60563
Phone: (630) 682-0085

Menard, Inc. / Menard/Reinbold / Certificate of Service /385684