**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | |
|---|---|
| In re: | Case No. 17-81749 |
| I80 Equipment, LLC, | |
| Debtor. | Chapter 7 |
| | |
| Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC, | |
| Plaintiff, | |
| v. | Adversary Proceeding No. 19-08110 |
| Menard, Inc., | |
| Defendant. | |

**<u>DEFENDANT MENARD, INC.'S LIMITED RESPONSE
TO PLAINTIFF'S MOTION IN LIMINE</u>**

COMES NOW Defendant Menard, Inc., ("Defendant" or "Menard") and for its Limited Response to Plaintiff's Motion in Limine ("Motion"), states as follows in opposition.

On July 31, 2024, Plaintiff filed a Motion in Limine seeking a preliminary ruling on the admissibility of no less than 255 documents (16,000+ pages). Following a status hearing on August 19, 2024, the Court requested that Menard file a limited response setting forth any objection to whether any of the proffered documents are admissible as self-authenticating (Rule 902(4)), are an admission of Menard, Inc. (Rule 801(d)(2)), or are excepted from the rule against hearsay as records of regularly conducted activity (Rule 806), among other specifically cited bases of authenticity. The Court did not request any response or argument or hypothetical objections based on the posture of the case, objections as to relevance or objections under rules in the 400s, all of which are expressly reserved. The Court also requested a determination as to whether or not Menard would challenge foundation or otherwise request that foundation be laid during trial as to

each proffered document.

## I.    GENERAL POSITION OF MENARD ON THE BASIS FOR FOUNDATION PRESENTED IN THE MOTION IN LIMINE

It is improper for, and this Court has already stated that, it will NOT make a determination that the documents attached to Plaintiff's Motion in Limine "shall be admissible into evidence at the trial of this adversary proceeding as requested in the Motion in Limine ("Motion")." Therefore, Plaintiff's Motion should be denied *in toto*.  Because Trustee has also stated that she "intends to offer the following documents into evidence to prove the truth of the matters asserted," Menard asserts a global objection to this Motion because these documents:

- consist of hearsay and double-hearsay,

- are incomplete chains of communications,

- are created documents (by unknown person(s)) compiled from excerpts of email chains,

- are sought to be admitted through this Motion by declaration made by improper declarants, and, because the proffered declarants have not been deposed – in violation of Menard's rights to cross examine the declarant about the documents,

- are based on exchanges of emails which the declarant could not reasonably have knowledge,

- are not records of Debtor or of Menard, and do not concern Debtor or Menard,

among other concerns.  Of note and likely unavoidably due to the size of this filing, there were instances of duplication, instances where the incorrect document was filed based on the index, or where the Ciasto transcript excerpt did not correlate to the referenced document.  Additionally, certain attachments to the Motion were actually a place-holder indicating that the document would be produced in native format, and Plaintiff did not produce the documents in native format. Menard further objects that certain documents appear to reference irrelevant transfers to third parties, or

appear to reference transfers outside of the 2 year statutory period before Debtor's bankruptcy case was filed and therefore the scope of time renders admission of documents and the transfers described therein improper and at least irrelevant.  Further, some documents are on their face irrelevant, are improper character evidence, are improper propensity evidence or are unduly prejudicial based on the facts of this case. Menard responds knowing that the Court will hold rulings on admissibility, on relevance, and on the "400s" in abeyance, and specific objections will be made by Menard at that time.

In section II below, Menard offers further objection to Trustee's use of a motion in limine to contravene the rules of evidence and the rules of civil procedure. This limited response seeks only to provide the Court and Plaintiff with Menard's general position on the authenticity of these documents.  As such, while specific concerns are raised as to Plaintiff's vehicle of admission, which is improper, Menard does not contest that the Debtor's financial documents were obtained from Debtor's records.  Likewise, Menard does not challenge that the financial records submitted to First Midwest Bank are as represented in this Motion.  Menard does not challenge that emails purported to have been sent and received were actually sent and received, but does challenge the authenticity of certain documents that appear to be a created document which consists of an arrangement of certain and select emails into a separate document - this is improper and lacks foundation without the witness who actually arranged those select emails or portions of email chains or otherwise created those documents, and is also improper if a third party that was not the author or recipient of that email communication seeks to offer evidence or testimony about that communication.  These communications however cannot be deemed admissible by declaration where the declarant did not create, arrange, author,  send or receive the emails. This is improper. The bank statements and credit card statements attached to the Motion show no indication of being

doctored and appear to be appropriate copies of the same, and Menard does not challenge the authenticity of those records.

Menard responds as follows, tracking the "Parts" associated with the pleadings as intended (it appearing that certain attachments do not match the index provided by Plaintiff):

| | Basis | objection | Foundational issue |
|---|---|---|---|
| 1. Complaint and Exhibit A | **902(4), 901(b)(1) and 803(6)** | No objection. Concede admissibility under rule 902(4). | NONE |
| 1. Complaint-Exhibits B and C | **902(4), 901(b)(1) and 803(6)** | No objection. Concede admissibility under rule 902(4). | NONE |
| 2. Answer | **902(4) and 801(d)(2)** | No objection. Concede admissibility. | NONE |
| 3. Pretrial Statement | **902(4) and 801(d)(2)** | No objection. Concede admissibility. | NONE |
| 4. Amended Affirmative Defenses | **902(4) and 801(d)(2)** | No objection. Concede admissibility. | NONE |
| 5. Trustee Request to Produce and Menard Response | **901(a) and 801(d)(2)** | No objection. Concede admissibility. All objections contained therein stand. | NONE |
| 6. Trustee's Interrogatories, Menard's Answers and Cert. of Service | **901(a) and 801(d)(2)** | Object to blanket admission as the interrogatory responses have been amended therefore only most recent responses should be offered but they should be used for impeachment purposes, not offered to prove Plaintiff's claims. Moreover all objections contained in Defendant's responses were not timely litigated therefore those responses and objections stand. | YES. Plaintiff will need to lay a foundation through a witness. |
| 7.1 Trustee RTA and Menard's Responses._Part1 | **901(a) and 801(d)(2)** | While discovery responses are admissible, only the specific admissions are admissible. Plaintiff propounded an absurd | Plaintiff will need to lay a foundation through a |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | 2214 Requests for Admission, the bulk of which were objected to and/or were denied, and those objections and responses stand. | witness for any request that Defendant did not admit. |
| 7.2 Trustee RTA and Menard's Responses._Part2 | **901(a) and 801(d)(2)** | Same as objection to 7.1 | Same as objection to 7.1 |
| 7.3 Trustee RTA and Menard's Responses._Part3 | **901(a) and 801(d)(2)** | Same as objection to 7.1 | Same as objection to 7.1 |
| 7.4 Trustee RTA and Menard's Responses._Part4 | **901(a) and 801(d)(2)** | Same as objection to 7.1 | Same as objection to 7.1 |
| 7.5 Trustee RTA and Menard's Responses._Part5 | **901(a) and 801(d)(2)** | Same as objection to 7.1 | Same as objection to 7.1 |
| 7.6 Trustee RTA and Menard's Responses._Part6 | **901(a) and 801(d)(2)** | Same as objection to 7.1 | Same as objection to 7.1 |
| 7.7 Trustee RTA and Menard's Responses._Part7 | **901(a) and 801(d)(2)** | Same as objection to 7.1 | Same as objection to 7.1 |
| 7.8 Trustee RTA and Menard's Responses._Part8 | **901(a) and 801(d)(2)** | Same as objection to 7.1 | Same as objection to 7.1 |
| 7.9 Trustee RTA and Menard's Responses._Part9 | **901(a) and 801(d)(2)** | Same as objection to 7.1 | Same as objection to 7.1 |
| 7.10 Trustee RTA and Menard's Responses._Part10 | **901(a) and 801(d)(2)** | Same as objection to 7.1 | Same as objection to 7.1 |
| 8. Trustee and Menard Stipulation | **901(a) and 801(d)(2)** | Concede that the stipulation may be admitted. | Yes.  The "stipulation" may be offered, however, the underlying records |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | | referenced therein must be have a foundation for admissibility, through a witness with actual knowledge. |
| 9.11 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Object. Trustee improperly seeks to admit transaction detail of non-Debtor entities that are related to Erik Jones. This is hearsay and there is no exception. These are not statements of Menard, but of JP or JP or another entity formerly owned or operated by Eric Jones. These are not records of regularly conducted activity by Debtor or by Menard. | Yes. The underlying records referenced therein must be have a foundation for admissibility, through a witness with actual knowledge, if related to any other entity other than Debtor I80 Equipment, LLC. |
| 9.12 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.13 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.14 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.15 Transaction Details | **801(d)(2)** | Same objection and response | Same |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| described in Stipulation and RTA | **and 803(6)** | as 9.11 | objection and response as 9.11 |
| 9.16 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.17 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.18 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.19 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.20 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.21 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.22 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.23 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.24 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| 9.25 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.26 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.27 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 9.28 Transaction Details described in Stipulation and RTA | **801(d)(2) and 803(6)** | Same objection and response as 9.11 | Same objection and response as 9.11 |
| 10.1 Transaction Details between T24932-T25333_Part1 | **801(d)(2) and 803(6)** | Menard objects because it is impossible to know who created this document, what is referenced therein, and, whose signature and other hand markings appear on these documents.  This may be printouts of company records (which the reference to Rule 801(d)(2) and 803(6) seem to signal), however that says nothing of the various and sundry hand markings on the documents, or what these documents actually prove. This creates a lack of trustworthiness and a general question as to whose records these are and how they were kept.  For example, it appears that "Larry" signed some of these transactions and Menard has no way of knowing who "Larry" is. | A foundation needs to be laid through a proper witness. |
| 10.2 Transaction Details | **801(d)(2)** | Same objection and response | Same |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| between T24932-T25333_Part2 | **and 803(6)** | as 10.1. | objection and response as 10.1. |
| 10.3 Transaction Details between T24932-T25333_Part3 | **801(d)(2) and 803(6)** | Same objection and response as 10.1. | Same objection and response as 10.1. |
| 10.4 Transaction Details between T24932-T25333_Part4 | **801(d)(2) and 803(6)** | Same objection and response as 10.1. | Same objection and response as 10.1. |
| 10.5 Transaction Details between T24932-T25333_Part5 | **801(d)(2) and 803(6)** | Same objection and response as 10.1. | Same objection and response as 10.1. |
| 10.6 Transaction Details between T24932-T25333_Part6 | **801(d)(2) and 803(6)** | Same objection and response as 10.1. | Same objection and response as 10.1. |
| 10.7 Transaction Details between T24932-T25333_Part7 | **801(d)(2) and 803(6)** | Same objection and response as 10.1. | Same objection and response as 10.1. |
| 11. David Ciasto Resume (Doc 45) | **901(b)(1)** | Rule 901(b)(1) is not a basis for admissibility of a resume. Moreover, should Mr. Ciasto be called to testify, he should produce an updated resume to be used at trial. | Yes. Mr. Ciasto must appear and testify live. His resume should be offered at that time following a proper foundation. |
| 12.1 I80 2015 general ledger | **901(b)(1) and 803(6)** | No objection, concede applicability of FRE 803(6). | Depending on how Trustee seeks to use the ledger, a foundation may be |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | | necessary. |
| 12.2 I80 2016 general ledger_Part1 | **901(b)(1) and 803(6)** | No objection, concede applicability of FRE 803(6). | Depending on how Trustee seeks to use the ledger, a foundation may be necessary. |
| 12.3 I80 2016 general ledger_Part2 | **901(b)(1) and 803(6)** | No objection, concede applicability of FRE 803(6). | Depending on how Trustee seeks to use the ledger, a foundation may be necessary. |
| 12.4 I80 2017 general ledger_Part1 | **901(b)(1) and 803(6)** | No objection, concede applicability of FRE 803(6). | Depending on how Trustee seeks to use the ledger, a foundation may be necessary. |
| 12.5 I80 2017 general ledger_Part2 | **901(b)(1) and 803(6)** | No objection, concede applicability of FRE 803(6). | Depending on how Trustee seeks to use the ledger, a foundation may be necessary. |
| 13. Kathryn Nichols Declaration (Doc 50). | **902(11) and 803(6)** | Objection. This is hearsay and rule 803(6) does not apply. Plaintiff likewise has not complied with Rule 902(11). This "declaration" may not be offered and is not admissible without a proper foundation. | Yes. Plaintiff will need to present Ms. Nichols and she will need to be examined concerning the statements made in the offered declaration. |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| 14. I80 Chart of Accounts (Doc 51) | **901(b)(1) and 803(6); Ciasto 63-65** | Objection. These documents do not have a ledger as to each column therefore, it is unclear. A more complete version of this document is needed to meet 803(6).   The testimony cited states that it is a summary of the accounts but that does not appear to be what this document is, and, it is unclear who created this document. | A foundation through Mr. Ciasto will be necessary as to what this document represents will be necessary. The testimony is unclear. |
| 15. Summary of 3.11.17 Transaction (Doc 52) | **901(b)(1) and 1006; Ciasto 77-81** | Objection that neither basis offered suffices as a grounds for admission.  If Plaintiff directs where this summary was created from and who created it, and if the hand markings are removed, Defendant will revisit this objection. | A foundation may be necessary but there is no dispute that use of a summary is permissible. Further the referenced Ciasto deposition testimony does not establish any foundation. Ciasto appears to be testifying to a document different from Doc # 52. |
| 16. Summary of 9.23.16 Transaction (Doc 53) | **901(b)(1) and 1006** | Objection that neither basis offered suffices as a grounds for admission. This appears to be an excerpt created by someone of a portion of certain records.  If Plaintiff directs where this summary was created from and who created it, and if the hand markings are | A foundation may be necessary but there is no dispute that use of a summary is permissible. Further the |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | removed, Defendant will revisit this objection. | referenced Ciasto deposition testimony does not establish any foundation. Ciasto appears to be testifying to a document different from Doc # 53. |
| 17. Summary of Account 12121 Transactions | **901(b)(1) and 1006** | Objection that neither basis offered suffices as a grounds for admission.  If Plaintiff directs where this summary was created from and who created it, and if the hand markings are removed, Defendant will revisit this objection. | A foundation may be necessary but there is no dispute that use of a summary is permissible. Further the referenced Ciasto deposition testimony does not establish any foundation. Ciasto appears to be testifying to a document different from Doc # 54. |
| 18. Ciasto 7.10.15 12.29 PM email to Jones | **901(b)(1)** | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay.  Defendant objects to admission of this email without a proper witness. If Plaintiff wishes to use this irrelevant email at trial, they should | Plaintiff must seek admission of this document through a proper witness. |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | establish a foundation for relevance through a witness on the stand. Ciasto admitted that he wrote the email in the cited testimony – but it is irrelevant. |  |
| 19. John Arnold Declaration | **FRE 902(11) and 803(6)** | This is a declaration, referencing rules of evidence, allegedly prepared by a FMB employee. This is a wholly improper inroad around hearsay rules, seeking to admit underlying emails and bank records, between individuals that Defendant has not deposed.  Defendant is entitled to cross-examine FMB about these records or the statements made in this declaration. Specifically, an FMB employee cannot "declare" or otherwise testify that "emails and attachments were made and sent on the dates and times indicated by anyone" other than the declarant. "Mitch Melega" needs to testify as to what Mitch Melega did and did not do – an FMB employee cannot testify to this and cannot "declare" this, and then seek admission of those underlying documents in a trial before this court.  This objection is true of any documents offered regarding Erik Jones "or another agent(s) of I80" through this declaration. There is no exception to hearsay rules here. Further these are not the business records of regularly conducted activity of a party therefore this is an improper | Plaintiff must seek admission of this document and the attached records through a proper witness. Defendant further argues that the declarant is not the proper witness. |

|  | **Basis** | **objection** | **Foundational issue** |
|---|---|---|---|
|  |  | application of Rule 803(6). Further many of the records attached or referenced in the declaration do not relate to Debtor I80 Equipment, LLC and therefore are improper in this adversary against Defendant. Defendant further objects that any hand markings on the proffered documents are subject to examination by the person who made the handwriting and a statement by declaration that the hand markings are business records of FMB are inappropriate and improper, especially since they appear to be various hand markings of different hand writing.  Finally, Plaintiff offers emails through a declaration concerning the federal indictment of Melega and Jones.  As this adversary is not a civil case whereby Jones or Melega appear as a Defendant, use of those documents as a basis to seek an order against Defendant is improper as Defendant cannot defend or otherwise testify about these documents or anything concerning the documents as they concern Jones or Melega's bank fraud plea and judgment.  Further, many of the FNB documents are endorsed by "Drew Lawrence" and that is the proper witness, not the declarant.  In further objection, some communications reference actions and transactions that are outside of |  |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | the scope of the 2-year look-back period before filing and therefore are not relevant to this adversary (where the petition date is December 7, 2017). Further, Plaintiff has entered into settlement agreements with at least Jones and has released all claims against Jones. Thus, Defendant reserves all arguments under Rule 404 as outside the scope of the Court's direction in this response, noting the obvious that evidence concerning the crimes, wrongs or acts of another are sought as a basis to prove intent in order to obtain judgment against Defendant in clear violation of Rule 404. | |
| 19.100 John Arnold Declaration.Ex. A Title Page | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.101 John Arnold Declaration.Ex. A_Part1 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.102 John Arnold Declaration.Ex. A_Part2 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.103 John Arnold Declaration.Ex. A_Part3 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.104 John Arnold Declaration.Ex.B.ONB 806, 829-830, 807-810, 9201-9202, 2101- | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.105 ONB-0002105.pdf | **902(11) and** | Same objection and response | Same |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | **803(6)** | as 19 | objection and response as 19 |
| 19.106 John Arnold Declaration.Ex.B.ONB 811-815, 1474-1476, 1477 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.107 ONB-0001477.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.108 John Arnold Declaration.Ex.B. ONB 2651-2652, 1736,1955-1957, 1424-1427 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.109 ONB-0001427.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.110 John Arnold Declaration.Ex.B.ONB1625-1627, 1526-1529, 1624, 8839, 816-81 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.111 John Arnold Declaration.ONB10727-10730 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.112 ONB-0010730.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.113 John Arnold Declaration.Ex.B.ONB9192-9193, 9068-9069, 8736-8739, 8906-89 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.114 John Arnold Declaration.Ex.B.ONB1814-1816 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| 19.115 ONB-0001816.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.116 John Arnold Declaration.Ex.B.ONB 828, 825-827, 4582 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.117 John Arnold Declaration.Ex.B.ONB6416 -6417, 4835-4836, 5909-5910 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.118 John Arnold Declaration.Ex.C | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.119 ONB-0005771.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.120 John Arnold Declaration.Ex.C(continued ) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.121 ONB-0007613.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.122 John Arnold Declaration.Ex.C.ONB.761 4 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.123 ONB-0007614.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.124 John Arnold Declaration.Ex.C.ONB 7615 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | | 19 |
| 19.125 ONB-0007615.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.126 John Arnold Declaration.Ex.C(final) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.127 John Arnold Declaration.Ex.D | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.128 ONB-0006363 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.129 John Arnold Declaration.Ex.D(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.130 ONB-0004685.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.131 John Arnold Declaration.Ex.D(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.132 ONB-0005712.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.133 John Arnold Declaration.Ex.D.(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.134 ONB-0006071.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | | response as 19 |
| 19.135 John Arnold Declaration.Ex.D(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.136 ONB-0004667.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.137 John Arnold Declaration.Ex.D(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.138 ONB-0005767.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.139 John Arnold Declaration.Ex.D(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.140 ONB-0006439.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.141 John Arnold Declaration.Ex.D(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.142 ONB-0010023.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.143 John Arnold Declaration.Ex.D(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.144 ONB-0011673.pdf | **902(11) and** | Same objection and response | Same |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | **803(6)** | as 19 | objection and response as 19 |
| 19.145 John Arnold Declaration.Ex.D(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.146 ONB-0011664.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.147 John Arnold Declaration.Ex.D(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.148 ONB-0006667.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.149 John Arnold Declaration.Ex.D(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.150 ONB-0006866.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.151 John Arnold Declaration.Ex.D(continued) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.152 John Arnold Declaration.Ex.E | **902(11) and 803(6)** | Same objection and response as **19** | Same objection and response as **19** |
| 19.153 John Arnold Declaration.Ex.F | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |

|  | **Basis** | **objection** | **Foundational issue** |
|---|---|---|---|
| 19.154 ONB-0005571.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.155 John Arnold Declaration.Ex.F(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.156 John Arnold Declaration.Ex.G_Part1 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.157 John Arnold Declaration.Ex.G_Part2 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.158 John Arnold Declaration.Ex.G_Part3 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.159 John Arnold Declaration.Ex.G_Part4 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.160 John Arnold Declaration.Ex.H | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.161 John Arnold Declaration.Ex.I | **902(11) and 803(6)** | Same objection and response as 9.10 | Same objection and response as 9.10 |
| 19.162 John Arnold Declaration.Ex.J | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.163 ONB-0004916.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | | 19 |
| 19.164 John Arnold Declaration.Ex.J(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.165 ONB-0010140.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.166 John Arnold Declaration.Ex.J(Cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.167 ONB-0010177.pdf | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.168 John Arnold Declaration.Ex.J(cont.) | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.169 John Arnold Declaration.Ex.K.Title Page | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.170. John Arnold Declaration.Ex.K_Part1 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.171. John Arnold Declaration.Ex.K_Part2 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.172. John Arnold Declaration.Ex.K_Part3 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.173. John Arnold Declaration.Ex.K_Part4 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  |  | response as 19 |
| 19.174. John Arnold Declaration.Ex.K_Part5 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.175 John Arnold Declaration.Ex.K_Part6 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.176 John Arnold Declaration.Ex.K_Part7 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.177 John Arnold Declaration.Ex.K_Part8 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.178 John Arnold Declaration.Ex.K_Part9 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.179 John Arnold Declaration.Ex.K_Part10 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.180 John Arnold Declaration.Ex.K_Part11 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.181 John Arnold Declaration.Ex.K_Part12 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.182 John Arnold Declaration.Ex.K_Part13 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.183 John Arnold | **902(11) and** | Same objection and response | Same |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| Declaration.Ex.K_Part14 | **803(6)** | as 19 | objection and response as 19 |
| 19.184 John Arnold Declaration.Ex.K_Part15 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.185 John Arnold Declaration.Ex.K_Part16 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.186 John Arnold Declaration Ex.L_Part1 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.187John Arnold Declaration Ex.L_Part2 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.188 John Arnold Declaration Ex.L_Part3 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.189 John Arnold Declaration Ex.L_Part4 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.190 John Arnold Declaration Ex.L_Part5 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.191 John Arnold Declaration Ex.L_Part6 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.192 John Arnold Declaration Ex.M_Part1 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| 19.193 John Arnold Declaration Ex.M_Part2 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.194 John Arnold Declaration.Ex.N_Part1 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.195 John Arnold Declaration.Ex.N_Part2 | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 19.196 John Arnold Declaration.Ex.O | **902(11) and 803(6)** | Same objection and response as 19 | Same objection and response as 19 |
| 20. 11.30.17 Henry County Circuit Court Order | **902(4) and 803(8)** | No objection. Concede admissibility under rule 902(4). | NONE |
| 21. 12.5.17 Henry County Circuit Order | **902(4) and 803(8)** | No objection. Concede admissibility under rule 902(4). | NONE |
| 22.1 Kristina Anderson Declaration_Part1 | **902(11) and 803(6)** | Objection. Plaintiff seeks admission of US Bank Mastercard records concerning non-Debtor entities which is wholly improper, impermissible under Rule 902(11), and Rule 803(6) does not except this declaration and the attached documents from the rule against hearsay. This is a declaration, which references rules of evidence, allegedly prepared by a US Bank employee. This is a wholly improper inroad around hearsay rules, seeking to admit underlying emails and bank records, between individuals that Defendant has not | Plaintiff must seek admission of this document and the attached records through a proper witness. Defendant further argues that the declarant is not the proper witness. |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | deposed.  Defendant is entitled to cross-examine US Bank about these records.  These documents cannot be admitted merely as records but a proper foundation must be laid. Further, to the extent the records of other non-Debtor entities are sought to be admitted here to prove any of the claims or elements of Plaintiff's claims, this is improper. There is no exception to hearsay rules here. Further these are not the business records of regularly conducted activity of a party therefore this is an improper application of Rule 803(6). Further many of the records attached or referenced in the declaration do not relate to Debtor I80 Equipment, LLC and therefore are improper in this adversary against Defendant, and are irrelevant. Defendant further objects that any hand markings on the proffered documents are subject to examination by the person who made the handwriting and a statement by declaration that the hand markings are business records of US Bank. The bank statements attached to the declaration do appear to be undoctored bank statements and Menard does not object that they are fraudulently created or are not the actual bank statements that they appear to be. |  |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| 22.2 Kristina Anderson Declaration_Part2 | **902(11) and 803(6)** | Same objection as 22. | Same objection as 22. |
| 22.3 Kristina Anderson Declaration_Part3 | **902(11) and 803(6)** | Same objection as 22. | Same objection as 22. |
| 22.4 Kristina Anderson Declaration_Part4 | **902(11) and 803(6)** | Same objection as 22. | Same objection as 22. |
| 22.5 Kristina Anderson Declaration_Part5 | **902(11) and 803(6)** | Same objection as 22. | Same objection as 22. |
| 22.6 Kristina Anderson Declaration_Part6 | **902(11) and 803(6)** | Same objection as 22. | Same objection as 22. |
| 22.7 Kristina Anderson Declaration_Part7 | **902(11) and 803(6)** | Same objection as 22. | Same objection as 22. |
| 22.8 Kristina Anderson Declaration_Part8 | **902(11) and 803(6)** | Same objection as 22. | Same objection as 22. |
| 22.9 Kristina Anderson Declaration_Part9 | **902(11) and 803(6)** | Same objection as 22. | Same objection as 22. |
| 22.10 Kristina Anderson Declaration_Part10 | **902(11) and 803(6)** | Same objection as 22. | Same objection as 22. |
| 23.1 Secretary.State.Documents.JL.JP.I80_Part1 | **902(4) and 803(8)** | No objection under 903(4). | No objection under 903(4). |
| 23.2 Secretary.State.Documents.JL.JP.I80_Part2 | **902(4) and 803(8)** | No objection under 903(4). | No objection under 903(4). |
| 23.3 Secretary of State Documents.JL.JP_Part 3 | **902(4) and 803(8)** | No objection under 903(4). | No objection under 903(4). |
| 24. Jones 11.11.16 letter to Dunn | **901(b)(1)** | Objection. The letter is allegedly between Elizabeth Dunn and Erik Jones therefore | A proper foundation needs to |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | one of the two witnesses would need to testify as to this document.  Ciasto cannot, as an independent contractor, lay a foundation as "a witness with knowledge" about an email which he did not send or receive. | established as to this document, and Mr. Ciasto cannot lay a foundation concerning this document as he did not create it and he is not the recipient of this document. The cited testimony does not establish a foundation. |
| 25.1 T23324-T23375. JP GENERAL LEDGER 12.6.15-12.31.15 | **901(b)(1) and 803(6)** | These are documents that appear to be records of a non-party therefore admission is improper.  Moreover, Defendant has not cross-examined non-debtor entities (and all claims against these entities are released), as such the truth of these records cannot be established. Ciasto was an independent contractor and therefore he cannot lay a business record foundation.  He can testify concerning his involvement in the creation of the documents, and his testimony does not establish a foundation or otherwise confirm that he created these documents. Only the pages that reference Debtor are relevant. | Plaintiff needs to lay a foundation through a proper party because Ciasto's testimony was not precise concerning these ledges and what information they do and do not contain. Ciasto was an independent contractor and cannot lay a foundation |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | | for corporate records. |
| 25.2 T23376-T23871.JP GENERAL LEDGER 2016 | **901(b)(1) and 803(6)** | These are documents that appear to be records of a non-party therefore admission is improper.  Moreover, Defendant has not cross-examined non-debtor entities.  .  Ciasto was an independent contractor and therefore he cannot lay a business record foundation.  He can testify concerning his involvement in the creation of the documents, and his testimony does not establish a foundation or otherwise confirm that he created these documents. Only the pages that reference Debtor are relevant. | Plaintiff needs to lay a foundation through a proper party because Ciasto's testimony was not precise concerning these ledges and want information they do and do not contain. Ciasto was an independent contractor and cannot lay a foundation for corporate records. |
| 25.3 T22567-T22983.JP GENERAL LEDGER 1.1.17 to 6.30.17 | **901(b)(1) and 803(6)** | These are documents that appear to be records of a non-party therefore admission is improper.  Moreover, Defendant has not cross-examined non-debtor entities.  .  Ciasto was an independent contractor and therefore he cannot lay a business record foundation.  He can testify concerning his involvement in the creation of the documents, and his testimony does not establish a foundation or otherwise confirm that he created these documents. Only | Plaintiff needs to lay a foundation through a proper party because Ciasto's testimony was not precise concerning these ledges and want information they do and do not |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | the pages that reference Debtor are relevant. | contain. Ciasto was an independent contractor and cannot lay a foundation for corporate records. |
| 25.4 T22984-T23323.JP GENERAL LEDGER 7.1.17 to 12.31.17 | **901(b)(1) and 803(6)** | These are documents that appear to be records of a non-party therefore admission is improper.  Moreover, Defendant has not cross-examined non-debtor entities.  .  Ciasto was an independent contractor and therefore he cannot lay a business record foundation.  He can testify concerning his involvement in the creation of the documents, and his testimony does not establish a foundation or otherwise confirm that he created these documents. Only the pages that reference Debtor are relevant. | Plaintiff needs to lay a foundation through a proper party because Ciasto's testimony was not precise concerning these ledges and want information they do and do not contain. Ciasto was an independent contractor and cannot lay a foundation for corporate records. |
| 25.5 Ottosen Firm Subpoena to Ciasto | **901(b)(1) and 803(6)** | No objection. | No objection. |
| 25.6 Ottosen Firm Certificate of Service of Documents responsive to Ciasto Sub | **901(b)(1) and 803(6)** | No objection. | No objection. |
| 26. JP Chart of Accounts | **901(b)(1) and 803(6)** | These are documents that appear to be records of a non- | Plaintiff needs to lay a |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | party therefore admission is improper.  Moreover, Defendant has not cross-examined non-debtor entities. .  Ciasto was an independent contractor and therefore he cannot lay a business record foundation.  He can testify concerning his involvement in the creation of the documents, and his testimony does not establish a foundation or otherwise confirm that he created these documents. Only the pages that reference Debtor are relevant. | foundation through a proper party because Ciasto's testimony was not precise concerning these ledges and want information they do and do not contain. Ciasto was an independent contractor and cannot lay a foundation for corporate records. |
| 27. JP Account 25004 | **901(b)(1) and 803(6)** | These are documents that appear to be records of a non-party therefore admission is improper.  Moreover, Defendant has not cross-examined non-debtor entities. .  Ciasto was an independent contractor and therefore he cannot lay a business record foundation.  He can testify concerning his involvement in the creation of the documents, and his testimony does not establish a foundation or otherwise confirm that he created these documents. Only the pages that reference Debtor are relevant. | Plaintiff needs to lay a foundation through a proper party because Ciasto's testimony was not precise concerning these ledges and want information they do and do not contain. Ciasto was an independent contractor |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | | and cannot lay a foundation for corporate records. |
| 28. JP Account 25005 | **901(b)(1) and 803(6)** | These are documents that appear to be records of a non-party therefore admission is improper.  Moreover, Defendant has not cross-examined non-debtor entities.  .  Ciasto was an independent contractor and therefore he cannot lay a business record foundation.  He can testify concerning his involvement in the creation of the documents, and his testimony does not establish a foundation or otherwise confirm that he created these documents. Only the pages that reference Debtor are relevant. | Plaintiff needs to lay a foundation through a proper party because Ciasto's testimony was not precise concerning these ledges and want information they do and do not contain. Ciasto was an independent contractor and cannot lay a foundation for corporate records. |
| 29. Thompson 7.11.17 7.03 PM email to Melega | 901(b)(1) | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay.  Defendant objects to admission of this email without a proper witness. Ciasto is neither the sender nor recipient of this email. He cannot lay a foundation.  Moreover, this email appears to be an excerpt of an email chain and is thus incomplete. Plaintiff needs to show the entire chain or | Plaintiff must seek admission of this document through a proper witness. Further the referenced Ciasto deposition testimony does not |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | present the creator of the excerpts as it appears to be a copy and paste into a word document of an email. | establish any foundation. |
| 30. Melega 7.12.17 9.04 AM email to Thompson | 901(b)(1) and 803(6). | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay.  Defendant objects to admission of this email without a proper witness.  Critically, this document also appears to be an incomplete email chain, further challenging it authenticity.  The cited Ciasto testimony cannot establish a foundation as Ciasto was an independent contractor and he neither sent nor received this email. | Plaintiff must seek admission of this document through a proper witness. Further the referenced Ciasto deposition testimony does not establish any foundation. |
| 31. Melega 6.15.17 5.05 PM email to Ciasto | 901(b)(1) **and 803(6).** | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay.  Defendant objects to admission of this email without a proper witness.  Critically, this document also appears to be an incomplete email chain, further challenging it authenticity.   The cited Ciasto testimony cannot establish a foundation as Ciasto was an independent contractor and he neither sent nor received this email. | Plaintiff must seek admission of this document through a proper witness. Further the referenced Ciasto deposition testimony does not establish any foundation. |
| 32. JP.and JP Apartments Coop 12.31.16 financials | **FRE 901(b)(1) and FRBP 7036** | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay.  Defendant objects to admission of this email without a proper witness.  Critically, this document also appears to be an incomplete email chain, further challenging it | Plaintiff must seek admission of this document through a proper witness. Further the referenced |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | authenticity.   Ciasto can testify to the advise he provided or concerns he expressed concerning this document, but he testified that he did not create it therefore Ciasto cannot lay a foundation for this document. | Ciasto deposition testimony does not establish any foundation. Further, Defendant made no admission concerning these documents therefore Menard cannot be used to establish a foundation as to this document. |
| 33.1 T22074-T22126JONES LEASE GENERAL LEDGER 12.6.15 TO 12.31.15 | 901(b)(1) and 803(6). | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay.  Defendant objects to admission of this document without a proper witness. Further, even if business records, they are not the business records of a party (but rather of a third party) therefore 803(6) is inapplicable.  The cited Ciasto testimony cannot establish a foundation as Ciasto was an independent contractor and he did not create these documents. Ciasto can only testify as to what he did in relation to these documents. | Plaintiff must seek admission of this document through a proper witness. Further the referenced Ciasto deposition testimony does not establish any foundation. |
| 33.2 T22127-T22566JONES LEASE GENERAL LEDGER 2016 | 901(b)(1) **and 803(6).** | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to | Plaintiff must seek admission of |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | hearsay. Defendant objects to admission of this document without a proper witness. Further, even if business records, they are not the business records of a party (but rather of a third party) therefore 803(6) is inapplicable. The cited Ciasto testimony cannot establish a foundation as Ciasto was an independent contractor and he did not create these documents. Ciasto can only testify as to what he did in relation to these documents. | this document through a proper witness. Further the referenced Ciasto deposition testimony does not establish any foundation. |
| 33.3 T20648-T21235JONES LEASE GENERAL LEDGER 1.1.17 to 6.30.17 | 901(b)(1) **and 803(6).** | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay. Defendant objects to admission of this document without a proper witness. Further, even if business records, they are not the business records of a party (but rather of a third party) therefore 803(6) is inapplicable. The cited Ciasto testimony cannot establish a foundation as Ciasto was an independent contractor and he did not create these documents. Ciasto can only testify as to what he did in relation to these documents. | Plaintiff must seek admission of this document through a proper witness. Further the referenced Ciasto deposition testimony does not establish any foundation. |
| 33.4 T21236-T21700JONES LEASE GENERAL LEDGER 7.1.17 TO 9.30.17 | 901(b)(1) **and 803(6).** | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay. Defendant objects to admission of this document without a proper witness. Further, even if business records, they are not the | Plaintiff must seek admission of this document through a proper witness. Further the |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | business records of a party (but rather of a third party) therefore 803(6) is inapplicable.  The cited Ciasto testimony cannot establish a foundation as Ciasto was an independent contractor and he did not create these documents.  Ciasto can only testify as to what he did in relation to these documents. | referenced Ciasto deposition testimony does not establish any foundation. |
| 33.5 T21701-T22073JONES LEASE GENERAL LEDGER 10.1.17 TO 12.31.17 | 901(b)(1) **and 803(6).** | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay.  Defendant objects to admission of this document without a proper witness.  Further, even if business records, they are not the business records of a party (but rather of a third party) therefore 803(6) is inapplicable.  The cited Ciasto testimony cannot establish a foundation as Ciasto was an independent contractor and he did not create these documents.  Ciasto can only testify as to what he did in relation to these documents. | Plaintiff must seek admission of this document through a proper witness.  Further the referenced Ciasto deposition testimony does not establish any foundation. |
| 33.6 Ottosen Firm Subpoena to Ciasto | **901(b)(1) and 803(6)** | No objection. | No objection. |
| 33.7 Ottosen Firm Certificate of Service of Documents responsive to Ciasto Subp | **901(b)(1) and 803(6)** | No objection. | No objection. |
| 34. JL Chart of Accounts | 901(b)(1) **and 803(6).** | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay.  Defendant objects to admission of this document without a proper witness. | Plaintiff must seek admission of this document through a proper |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | Further, even if business records, they are not the business records of a party (but rather of a third party) therefore 803(6) is inapplicable. The cited Ciasto testimony cannot establish a foundation as Ciasto was an independent contractor and he did not create these documents. Ciasto can only testify as to what he did in relation to these documents. | witness. Further the referenced Ciasto deposition testimony does not establish any foundation. |
| 35. JL Account 23000 | 901(b)(1) and 803(6). | Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay. Defendant objects to admission of this document without a proper witness. Further, even if business records, they are not the business records of a party (but rather of a third party) therefore 803(6) is inapplicable. The cited Ciasto testimony cannot establish a foundation as Ciasto was an independent contractor and he did not create these documents. Ciasto can only testify as to what he did in relation to these documents. | Plaintiff must seek admission of this document through a proper witness. Further the referenced Ciasto deposition testimony does not establish any foundation. |
| 36. Ciasta.Lawrence emails 3.6.14 | FRE 902(11), 901(b)(1) and 803(6) | Objection as this email is beyond the scope of the claims in this adversary (all documents before December 7, 2015 do not inform these proceedings). Rule 902(11) is not a basis for admissibility. There is no available basis or exception to hearsay. Defendant objects to admission of this email without a proper | Plaintiff must seek admission of this document through a proper witness. Further the referenced Ciasto deposition |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | witness. Defendant renews its objections to the FMB declaration and declarant's ability to authenticate emails to and from Drew Lawrence. Ciasto can testify to emails that he sent, but ultimately, these records are irrelevant as they are emails about the third party companies of Jones, not Debtor so the business record exception does not apply. | testimony does not establish any foundation. The FMB declaration is improper as the declarant has no knowledge of these communications. |
| 37. Andersen 10.11.16 2.17 PM email to Melega | **902(11) and 803(6)** | Objection as this email is beyond the scope of the claims in this adversary as they discuss August 2015 records of a third party entity owned by Jones (all documents before December 7, 2015 do not inform these proceedings). Rule 902(11) is not a basis for admissibility unless a witness that sent or received the communication testifies. There is no available basis or exception to hearsay. Defendant objects to admission of this email without a proper witness. | Plaintiff must seek admission of this document through a proper witness. Further the referenced FMB declaration is separately objected to and is wholly inappropriate as FMB is neither the sender nor recipient of this communication and without a witness, foundation cannot be established. |
| 38. Melega.Ciasto emails 10.11.16-10.13.16 | **FRE 902(11) and 803(6)** | Objection as this email is beyond the scope of the claims in this adversary (all discussions in these documents | Plaintiff must seek admission of this document |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | before December 7, 2015 do not inform these proceedings and are irrelevant).  Rule 901(b)(1) is not a basis for admissibility. There is no available basis or exception to hearsay.  Defendant objects to admission of this email without a proper witness.  Ciasto can only testify to his communications, not those of any other person. | through a proper witness. Further the referenced Ciasto deposition testimony does not establish any foundation. |
| 39. I80 12.31.15 and 2014 Financials | **901(b)(1)** | Defendant objects to admission of this document without a proper witness.  Mr. Ciasto testified that he does not know who prepared these documents. Defendant further objects that these documents are outside the scope of the claims in this adversary and therefore improper in this adversary. Reserving all remaining objections about relevance. Ciasto is an independent contractor and therefore cannot establish a foundation – and the record appears to be unclear if Ciasto did any work for Debtor in 2014. | Plaintiff must seek admission of this document through a proper witness. Further the referenced Ciasto deposition testimony does not establish any foundation. Indeed, Mr. Ciasto testifies that he does not know who prepared these documents. |
| 40. I80 8.31.16 Financials | **901(b)(1)** | Defendant objects to admission of this document without a proper witness.  Mr. Ciasto did not testify about this document at all, and to the extent he did, he testified that they were prepared by another person. Mr. Ciasto stated that it is | Plaintiff must seek admission of this document through a proper witness. Further the |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | possible that he had input in the content of this entire document.  That testimony does not establish anything about this document, certainly not the authenticity, basis for its content or the like. | referenced Ciasto deposition testimony does not establish any foundation. Indeed, Mr. Ciasto testifies that he did not prepare the document. |
| 41.1 Jones, JP and JL 2015 tax return_Part1 | **901(b)(1).** | No objection to the authenticity of these tax returns. | None. |
| 41.2 Jones, JP and JL 2015 tax return_Part2 | **901(b)(1).** | No objection to the authenticity of these tax returns. | None. |
| 41.3 Jones, JP and JL 2016 tax return_Part1 | **901(b)(1).** | No objection to the authenticity of these tax returns. | None. |
| 41.4 Jones, JP and JL 2016 tax return_Part2 | **901(b)(1).** | No objection to the authenticity of these tax returns. | None. |
| 41.5 Jones, JP and JL 2017 tax return_Part1 | **901(b)(1).** | No objection to the authenticity of these tax returns. | None. |
| 41.6 Jones, JP and JL 2017 tax return_Part2 | **901(b)(1).** | No objection to the authenticity of these tax returns. | None. |
| 41.7 Jones, JP and JL 2017 tax return_Part3 | **901(b)(1).** | No objection to the authenticity of these tax returns. | None. |
| 42. Jones 2015-2016 Applications for Tentative Refunds and Amended Federal Tax | **901(b)(1).** | No objection to the authenticity of these tax documents. | None. |
| 43. Melega 7.26.16 5.20 PM and 7.27.16 7.10 AM emails to Ciasto | **901(b)(1).** | Unless Plaintiff has a witness on the stand to discuss about the statements contained in this email, this document can only be submitted in attempt to prove the claims through hearsay.  This is improper.  Further these documents relate to third parties, not the debtor | Plaintiff needs a proper witness to establish a foundation of this document. The |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | thus Rule 901(b)(1) is not a basis for foundation.  Further, this appears to be a prejudicial document with statements made by a non-party about a non-party about a potential fraud on a third party that is a creditor of Debtor – classic hearsay. | testimony cited does not speak tot his document. Mr. Ciasto speaks only about general emails being sent and received, not this document. |
| 44. Ciasto 9.13.16 10.33 am email to Melega | **901(b)(1).** | Unless Plaintiff has a witness on the stand to discuss about the statements contained in this email, this document can only be submitted in attempt to prove the claims through hearsay.  This is improper.  Rule 901(b)(1) is not a basis for foundation.  The witness testified that he does not know what was meant by the statement in this document which was followed by counsel proposing hypotheticals. | Plaintiff needs a proper witness to establish a foundation of this document. |
| 45. Jones Plea Agreement | **902(4), 803(22) and 803(8)** | No objection. | No objection. |
| 46. Melega.Notice of Plea of Guilty | **902(4), 803(22) and 803(8)** | No objection. | No objection. |
| 47. Melega Report and Recommendation Concerning Plea of Guilty | **902(4), 803(22) and 803(8)** | No objection. | No objection. |
| 48. Acceptance of Melega Plea of Guilty | **902(4), 803(22) and 803(8)** | No objection. | No objection. |
| 49. Ciasto 1.3.17 8.02 AM email to Melega and Jones | 901(b)(1) | This is an incomplete email chain concerning a discussion which appears to be hearsay | Plaintiff will need to lay a foundation |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | about the financial condition about an entity but it is unclear what the parties are discussing; but it is clear that the email exchange does not concern Debtor. As such, this communication appears to have foundation through Ciasto testimony, albeit that there are concerns about relevance among other things. | through Ciasto but that appears to be possible, at least concerning the portion of this document to which Mr. Ciasto testified. |
| 50. I80 12.31.16 Financials | **901(b)(1)** | None | None |
| 51.1 I80 2016 Federal Tax Return_Part1 | **901(b)(1)** | None | None |
| 51.2 I80 2016 Federal Tax Return_Part2 | **901(b)(1)** | None | None |
| 51.3 I80 2016 Federal Tax Return_Part3 | **901(b)(1)** | None | None |
| 52. I80 6.30.17 Financials | **901(b)(1)** | None | None |
| 53. 1 Michael Ragano Declaration | 902(11) and 803(6) | Mr. Ragono seeks to describe documents that reference or are documents provided to him by a third party creditor of Debtor, concerning Debtor's assets. Mr. Ragano was not deposed by Defendant and has not been cross examined. Mr. Ragano's declaration is not limited to documents that he created, but rather, speaks to documents of third parties. Consequently, 803(6) is inapplicable, and these are not records of regularly conducted activity and he cannot testify to any of the elements of 803(6). Menard reinserts its objection to the FMB declaration as a foundation for the admission of records concerning a third | Mr. Ragono is not the proper witness to testify to most if not all of the documents described in his declaration. |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | party in this proceeding. |  |
| 53.2 Michael Ragano Ex. A-C | 902(11) and 803(6) | Same objection as 53.1 | Same objection as 53.1 |
| 53.3 Michael Ragano Ex. D-F | 902(11) and 803(6) | Same objection as 53.1 | Same objection as 53.1 |
| 54.1 Trista Beise Declaration | 902(11) and 803(6) | Ms Beise seeks to describe documents that reference or are documents provided to her by someone (not documents that she created), concerning Debtor's assets. Ms. Beise was not deposed by Defendant and has not been cross examined. Ms. Beise's declaration is not limited to documents that she created, but rather, speaks to documents of third parties. Consequently, 803(6) is inapplicable, and these are not records of regularly conducted activity and she cannot testify to any of the elements of 803(6). | Ms. Beise does not appear to be the proper witness for many if not all of these documents by her own admission. |
| 54.2 Trista Biese Declaration.Ex.A | 902(11) and 803(6) | Same objection as 54.1 | Same objection as 54.1 |
| 54.3 Trista Biese Declaration.Ex.B | 902(11) and 803(6) | Same objection as 54.1 | Same objection as 54.1 |
| 54.4 Trista Biese Declaration.Ex.B(cont.) | 902(11) and 803(6) | Same objection as 54.1 | Same objection as 54.1 |
| 54.5 Trista Biese Declarations.Ex.C | 902(11) and 803(6) | Same objection as 54.1 | Same objection as 54.1 |
| 54.6 Trista Biese Declaration.Ex.C(cont.) | 902(11) and 803(6) | Same objection as 54.1 | Same objection as 54.1 |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| 54.7 Trista Biese Declaration.Ex.D | 902(11) and 803(6) | Same objection as 54.1 | Same objection as 54.1 |
| 54.8 Trista Biese Declaration.Ex.E | 902(11) and 803(6) | Same objection as 54.1 | Same objection as 54.1 |
| 54.9 Trista Biese Declaration.Ex.F | 902(11) and 803(6) | Same objection as 54.1 | Same objection as 54.1 |
| 54.10 Trista Biese Declaration.Ex.G | 902(11) and 803(6) | Same objection as 54.1 | Same objection as 54.1 |
| 55.1 Greg Hengehold Declaration | 902(11) and 803(6) | Mr. Hengehold is employed by Myron Bowling Auctioneers, the auctioneer that was retained by Plaintiff in this case for the sale conducted on May 22, 2018. Mr. Hengehold's declaration is properly limited to the matters in which he can lay a foundation. | None. |
| 55.2 Greg Hengehold Declaration.Exhibits A | 902(11) and 803(6) | None. | None. |
| 55.3 Greg Hengehold Declaration.Exhibits A(cont.) and C | 902(11) and 803(6) | None. | None. |
| 56. Lawrence 11.25.15 8.33.38 AM email to Jones | 901(b)(1) and 803(6) | Neither FMB nor Ciasto can lay a foundation as to the emails offered which are entirely hearsay and/or double hearsay. FMB's declaration is not executed by the proper declarant.  Further, Plaintiff offers no reason or explanation for why these emails are offered. Further, this appears to be an incomplete document, as it starts on page 5. The email chain also appears to be outside the temporal scope of the | FMB declaration of another employee, cannot lay a foundation as to emails between Lawrence and Jones, as the declaration is not a "FMB" declaration and does not |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | claims. | establish that the declarant is speaking on behalf of FMB. |
| 57. Jones and Ciasto 11.25.15 emails | 901(b)(1) and 803(6) | The Ciasto testimony referenced does not establish a foundation for this email but instead relates to emails in general. Further, Ciasto cannot testify as to the IT and document retention system of Debtor as he would have no knowledge of that since it appears that Trustee is attempting ot state that all emails are business records of Debtor. Further, Ciasto was an independent contractor of Debtor and therefore is not able to establish the authenticity of a document or to testify as to the IT system of Debtor. | Ciasto will be able to establish a foundation as to only a portion of this email, but remainder he cannot as he was neither the sender nor recipient. |
| 58. Melega 2.5.16 10.10.58 AM email Ogden | 901(b)(1) | Plaintiff seeks to offer only the second sentence. This appears to be a communication between Ms. Ogden of First Midwest Bank (loan administrator) and Mitch Melega, for which Plaintiff seeks to establish foundation through Mr. Ciasto. Defendant has objected to the impropriety of the FMB declaration, for which Ms. Ogden is not the declarant, and Mr. Ciasto has no personal knowledge of this communication as he is neither the author nor recipient, and was an independent contractor of Debtor and therefore cannot speak to this communication. Further this communication | Plaintiff will need to establish foundation through a proper witness. |

|  | Basis | objection | Foundational issue |
|---|---|---|---|
|  |  | appears to relate to a third party. 901(b)(1) is inapplicable. Further, this email includes attachments that it does not appear Trustee seeks to use and thus this is an incomplete document – further questioning the authenticity. |  |
| 59. Ogden 2.5.16 2.25 PM email to Melega and attachments | 902(11) and 803(6) | Plaintiff seeks to offer only the second sentence.  This appears to be a communication between Ms. Ogden of First Midwest Bank (loan administrator) and Mitch Melega.  Defendant has objected to the impropriety of the FMB declaration, for which Ms. Ogden is not the declarant. Further, this email includes attachments that it does not appear Trustee seeks to use and thus this is an incomplete document – further questioning the authenticity. | Plaintiff will need to establish foundation through a proper witness. |
| 60. Melega 8.29.16 1.16 pm email to Ciasto | 901(b)(1) | This entire email is hearsay, whereby Plaintiff seeks testimony in court from Mr. Ciasto concerning what another was thinking. This is improper and cannot be offered "just" to evidence that a statement was made. Furthermore, it is impermissible hearsay and unduly prejudicial. | Plaintiff will need to establish foundation through a proper witness. |
| 61. Melega 10.5.16 9.02 AM email to Ciasto | 901(b)(1) | This entire email is hearsay, whereby Plaintiff seeks testimony in court from Mr. Ciasto concerning what another was thinking. This is improper and cannot be offered "just" to evidence that a statement was made. | Plaintiff will need to establish foundation through a proper witness. |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| 62.1 Melega 10.10.16 8.17 AM email to Ciasto | 901(b)(1) | No objection in that Mr. Ciasto's cited testimony relates to this email. Ciasto can testify to the content of this email. Reserving relevance objections. | Plaintiff will need to establish foundation through a proper witness. |
| 62.2 Melega 10.7.16 Plan | 901(b)(1) | No objection in that Mr. Ciasto's cited testimony relates to this email. Ciasto can testify to the content of this email. Reserving relevance | Plaintiff will need to establish foundation through a proper witness. |
| 63. Ciasto 10.10.16 8.47 AM email to Melega | 901(b)(1) | No objection in that Mr. Ciasto's cited testimony relates to this email. Ciasto can testify to the content of this email. Reserving relevance | Plaintiff will need to establish foundation through a proper witness. |
| 64. Melega and Jones emails 10.31.16 10.27 AM, 11.1.16 4.07 PM and 11.1.16 4.18 | 901(b)(1) and 803(6) | This entire exchange is hearsay. Ciasto cannot establish foundation as he is neither the author nor recipient or included in any of the email chain. Further, this relates to a third party so it is not a record of the Debtor and therefore Rule 803(6) is inapplicable. | Plaintiff will need to establish foundation through a proper witness. |
| 65.1 Lawrence 11.14.16 9.40 AM email to Jones | 901(b)(1) and 803(6) | This entire exchange is hearsay. Ciasto cannot establish foundation as he is neither the author nor recipient or included in any of the email chain. Lawrence is not the FMB declarant, and further, paragraph 19(a) of the declaration merely states that the communication were made but says nothing about the declarants personal knowledge | Plaintiff will need to establish foundation through a proper witness. |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | of the communication which is improper foundation. Further, this relates to a third party so it is not a record of the Debtor and therefore Rule 803(6) is inapplicable. | |
| 65.2 Lawrence 11.18.16 2.19 PM email to Jones | 901(b)(1) and 803(6) | This entire exchange is hearsay.  Ciasto cannot establish foundation as he is neither the author nor recipient or included in any of the email chain. Lawrence is not the FMB declarant, and further, paragraph 19(a) of the declaration merely states that the communication were made but says nothing about the declarants personal knowledge of the communication which is improper foundation. Further, this relates to a third party so it is not a record of the Debtor and therefore Rule 803(6) is inapplicable. | Plaintiff will need to establish foundation through a proper witness. |
| 66. Jones 11.22.16 9.17 AM email to Ciasto and Melega | 901(b)(1) and 803(6) | This entire exchange is hearsay.  Ciasto cannot establish foundation as he is not the author of any of these emails. | Plaintiff will need to establish foundation through a proper witness. |
| 67. Melega 12.21.16 2.31 PM email to Ciasto | 901(b)(1) | Ciasto can establish foundation as to what he stated, but the statements in the email to Ciasto are hearsay and he cannot testify or establish foundation as to that email. The email from Melega to Ciasto should be redacted unless Plaintiff can establish foundation through Melega, the author of the email.  Ciasto is the recipient only and therefore | Plaintiff will need to establish foundation through a proper witness. |

| | Basis | objection | Foundational issue |
|---|---|---|---|
| | | his testimony must be limited to that. | |
| 68. Ciasto 9.8.18 9.38 AM email to Trustee | 901(b)(1) | No objection. | No objection |
| 69. Ciasto 11.1.19 10.22 PM email to Andrew Covey | 901(b)(1) | If this email is used, plaintiff's counsel would be a witness which is impermissible under the rules of professional conduct. See Rule 4-3.7(a). This email speaks to the theory of liability in this case which is a core issue. | Plaintiff will need to establish foundation through a proper witness. |
| 70. Ciasto 11.3.19 3.30.45 email to Andrew Covey | 901(b)(1) | If this email is used, plaintiff's counsel would be a witness which is impermissible under the rules of professional conduct. See Rule 4-3.7(a). This email speaks to the theory of liability in this case which is a core issue. | Plaintiff will need to establish foundation through a proper witness. |
| 71. Jones.Melega.Criminal.Indictment.20-40056.ILCDT1190-T1211 | 901(a) and 801(d)(2) | None. Reserving additional objections as to relevance, and admissibility. | None |
| 72. Jones Judgment in a Criminal Case | | None. Reserving additional objections as to relevance, and admissibility. | None. |
| 73. Melega Judgment in a Criminal Case | | None. Reserving additional objections as to relevance, and admissibility. | None. |
| 74. 12.8.22 Ciasto Deposition Transcript.Part 1 | | None. | None. |
| 74.1 12.8.22 Ciasto Deposition Transcript Part 2 | | None. | None. |
| 75. 5.18.23 Ciasto Deposition Transcript | | None. | None. |

II.    **OBJECTION OF MENARD TO PLAINTIFF'S CONTRAVENTION OF THE RULES OF EVIDENCE AND CIVIL PROCEDURE**

By this Motion, Plaintiff has made her intent to prove either Debtor's fraudulent intent, or constructive fraud, or both, through evidence of Erik Jones' (owner of Debtor) fraud on Debtor's creditor(s). The overwhelming majority of the documents attached to the Motion do not relate to Debtor or to Menard, but rather to Jones, Jones Leasing or JP Rentals, the entities owned by Jones. This Motion seeks to put the cart before the horse in that in requesting a ruling on the "admissibility" of these documents, the Court is essentially asked to rule that the intent or actions of at least Jones comprise a fraud committed by *the Debtor*.  There is no reasonable dispute that at least Erik Jones committed bank fraud.  But it is not enough that Plaintiff have this Court declare that a fraud occurred, rather, there must be a claim of fraud by someone against *someone* in relation to the Transfers, and after a finding on that claim, the Court may then proceed to permit the Trustee to avoid the fraudulent transfer(s).  Though Jones has pled guilty and has been sentenced to a prison term for committing bank fraud, Debtor was neither indicted nor convicted of any fraud. There is no dispute that Menard had no knowledge of, and is not alleged to have been a part of or to have participated in any fraud on Debtor's creditors.

Critically, Jones has been released by Debtor's estate from all claims of the estate against Jones (as well as the other entities owned by Jones), including all claims of fraud.  It is the records of fraud by Jones (and the Jones entities) that Trustee seeks to admit in this Motion.  The impropriety of this Motion therefore is that this Court is ultimately being asked to establish a claim of fraud committed by Jones and the Jones entities as a fraud committed by Debtor, when all claims against Jones and the Jones entities have been settled and released (by the Trustee), and none are parties to this adversary. For actual fraud, the Court would need to base Debtor's *actual intent* on the intent of Jones as deduced from the documents attached to this Motion– without Jones being a

party to this adversary.  As a matter of law, Jones' fraud has already been litigated and all claims have been released against Jones.  The next step therefore cannot occur, which is to impute Jones' fraudulent intent on Debtor. The constructive fraud inquiry fairs no better because there is no allegation or evidence, whatsoever, that Menard participated in any fraud with the Debtor or with Jones or with anyone.  Consequently, Trustee would need to use the documents attached to this Motion to establish that the fraud of Jones (and the Jones entities) is imputed to Debtor in the analysis of Debtor's engagement in the badges of fraud.  This is improper because it is Debtor's fraud in relation to the Transfers to Menard that are the subject of this adversary (not all the fraud committed by Jones or the Jones entities).  All documents except the transaction detail and recording of the transactions in I80's financial documents are necessarily irrelevant, and are hearsay for which there is no exception. They cannot be admitted as "business records" or "public records" because they are neither Debtor nor Menard's records.  They are being offered to prove the truth of the matter that a constructive fraud occurred despite release of all claims against those actually responsible for the fraudulent conduct.  This is procedurally improper.

The Settlement Agreement "granted full accord and satisfaction" and released Jones, JL, and JP from any and all "claims, demands, causes of action, and liabilities of any kind whatsoever . . . asserted or unasserted, that the Trustee or the Estate ever had . . . including the [JL] Complaint, the [JP] Complaint, the Jones Complaint, and [Claim 5-2]."  Claim 5-2 comprised the Transfers that are the subject of this adversary.  The Settlement Agreement, approved by the Court, resulted in the dismissal of the Jones Complaint, the JL Complaint, and the JP Complaint with prejudice. Importantly, the Settlement Agreement admitted no liability by any party. A settlement agreement is "actually litigated" if the parties clearly indicate their intent that the agreement terminate the litigation and determine the finality of issues. *Klingman v. Levinson*, 831 F.2d 1292, 1296 (7th Cir.

1987) (citation omitted). Court-approved settlement agreements may be given preclusive effect if the parties to the agreement could have reasonably foreseen the conclusive effect of their actions. *Meyer v. Rigdon*, 36 F.3d 1375, 1379 (7th Cir. 1994). The parties to the Settlement Agreement, all represented by counsel, clearly indicated their intent that it terminate, with finality, Claim 5-2 (which comprised the Transfers that are the subject of this adversary), the Jones Complaint, the JL Complaint, and the JP Complaint. The Trustee could have reasonably foreseen the preclusive effect of the Settlement Agreement. Trustee's carve-out regarding claims against third parties is of no effect when the third party claims are dependent on legal conclusions built upon the released claims and the conduct of the released parties, as is the case here. The Settlement Agreement precludes the Trustee from asserting her theory of liability here, and she should not be permitted to admit evidence that establishes the very released claims (which are a threshold finding of this court for the same to be imputed to the Debtor).

It is impossible for the Trustee to meet her burden in this adversary proceeding. Rather than accept this fate, Plaintiff now seeks, through this Motion in Limine, to prove her entire case against the Jones parties in this adversary, where Erik Jones and the Jones entities are not a party, and importantly, Defendant has no knowledge of the events, and cannot defend. The documents Plaintiff seeks to admit largely involve documents of which Defendant has no knowledge, concerning transactions that have no bearing whatsoever on the Transfers that are the subject of this case. In clear disregard for fundamental rules of evidence and civil procedure, Plaintiff seeks to admit these documents through declarations of non-parties and individuals not affiliated with any party, attaching documents replete with hearsay and double-hearsay, under the auspices of "business records" of third parties. This should not be permitted and Defendant vehemently objects to this tactic.

Wherefore, for the foregoing reasons, Defendant Menard, Inc. respectfully requests that Plaintiff's Motion in Limine be denied.

Dated: September 19, 2024

Respectfully submitted,

**THOMPSON COBURN LLP**

By: _/s/Sonette T. Magnus_
Sonette T. Magnus, #68606
One US Bank Plaza
St. Louis, Missouri 63101
Telephone: (314) 552-6000
Fax: (314) 552-7000
smagnus@thompsoncoburn.com

and

Joseph S. Davidson,
W. Anthony Andrews
**OTTOSEN DiNOLFO HASENBALG & CASTALDO, LTD.**
1804 North Naper Blvd., Suite 350
Naperville, Illinois 60563
(630) 682-0085
wandrews@ottosenlaw.com
jdavidson@ottosenlaw.com

***Attorneys for Defendant Menard, Inc.***

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have caused to be served a copy of the foregoing Defendant Menard, Inc.'s Limited Response to Plaintiff's Motion in Limine, this day, by CM/ECF electronic filing as set forth below.

Andrew W. Covey – acovey1@hotmail.com

Jeana K. Reinbold – jeana@jeanareinboldlaw.com

Dated: September 19, 2024

_/s/ Sonette T. Magnus_

Sonette T. Magnus