# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In re:<br>I80 Equipment, LLC<br><br>    Debtor | Case No. 17-81749<br><br>Chapter 7 |
| Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC<br><br>    Plaintiff,<br><br>v.<br><br>Menard, Inc.<br><br>    Defendant | AP. No. 19-8110<br><br>ORAL ARGUMENT REQUESTED |

## PLAINTIFF'S REPLY

NOW COMES Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC ("Plaintiff") and for her Reply to Menard, Inc.'s ("Menard") Response to Plaintiff's Cross Motion for Partial Summary Judgment (Doc. 178) ("Menard Reply"), states as follows:

### I. REPLY TO MENARD'S ADDITIONAL MATERIAL FACTS

1. On April 15, 2024, the Court granted summary judgment in part in favor of Trustee (the "First Summary Judgment Ruling"). ECF No. 107.

**RESPONSE:**

Admitted. Immaterial. This ruling did not involve the issue of whether Debtor I80 Equipment, LLC ("I80") received title to any goods in exchange for any of the payments in issue.

2. The First Summary Judgment Ruling held that there is "no genuine dispute of [material] fact that [the] Debtor transferred its funds to Menard in each of the transactions pleaded in the complaint. Id at 5.

**RESPONSE:**

Admitted. Immaterial. This ruling did not involve the issue of whether I80 received title to any goods in exchange for any of the payments in issue.

3. In the First Summary Judgment Ruling, the Court concluded that "Menard was the initial transferee in those transactions because a principal's authorization of the use of corporate funds does not transform a simple one-step transfer into a two-step transfer involving the principal." *Id.*

**RESPONSE:**

Admitted. Immaterial. This ruling did not involve the issue of whether I80 received title to any goods in exchange for any of the payments in issue.

4. On November 14, 2024, the Court denied Menard's motion for summary judgment and granted Trustee's motion for partial summary judgment (the "Second Summary Judgment Ruling"). ECF 166.

**RESPONSE:**

Admitted. Immaterial. This ruling did not involve the issue of whether I80 received title to any goods in exchange for any of the payments in issue.

5. In its opinion on the Second Summary Judgment Ruling, the Court held that each of the Transfers involved an interest of Debtor in property. ECF No. 165. In so holding, the Court concluded that "Debtor was involved in every transaction" and "directed the transfer of its own funds." *Id.* at 6.

**RESPONSE:**

Admitted. Immaterial. This ruling did not involve the issue of whether I80 received title to any goods in exchange for any of the payments in issue.

6. In so holding, the Court also concluded that Debtor determined the disposition of its funds. *Id.* at 5 n. 3. "At all times, [Debtor] decided how much money to borrow and where to spend the borrowed funds . . . " *Id.*

**RESPONSE:**

Admitted. Immaterial. This ruling did not involve the issue of whether I80 received title to any goods in exchange for any of the payments in issue.

7. The Court also concluded that "[Debtor], through its cardholders, then paid Menard with those funds." *Id.* at 5.

**RESPONSE:**

Admitted. Immaterial. This ruling did not involve the issue of whether I80 received title to any goods in exchange for any of the payments in issue.

## II. ARGUMENT

Menard repeatedly states its sole argument, i.e., that because I80 paid for the goods, as a matter of law it (a) contracted with Menard (b) was the buyer and (c) received value in the form of title to the goods. This is the same argument it raised in its Amended Motion to Dismiss.

First, Menard's has judicially admitted <u>three</u> times that it did not enter into any contracts with I80 (see Responses to Request to Produce, ¶ 3; Answers to Interrogatories, ¶ 9,[1] Renewed Motion, UMF, ¶ 19[2]) and thus could not have been the buyer. Second, this argument is contrary to Judge Perkins's decision denying Menard's amended motion to dismiss, which is the law of the case. Third, the following cases held that the party who paid the purchase price was not the buyer: *In re Cambridge Capital Group, Inc.*, 2009 WL 3823185 (Bankr.D.C. 2009) ("The mere payment of money by the debtor for the benefit of a third party without a supporting contract giving the debtor some rights in the property (e.g., to direct its ultimate disposition or delivery) is insufficient, as matter of law, to establish value for the purposes of § 548." *Id.* at *7); *Lindt v. Henshel,* 254 N.E.2d 746 (N.Y. Ct. App. 1969); *In re Christofaro,* 360 B.R. 411 (W.D.N.Y. 2007); *Kirby v. NMC/Continue Care,* 993 P.2d 951 (Wy. 1999).

Menard's argues only concessions in pleadings and stipulations can be judicial admissions, citing *Keller v. U.S.,* 58 F.3d 1194 (7th Cir. 1995) and *Robinson v. McNeil Consumer Healthcare,* 615 F.3d 861 (7th Cir. 2010). *Keller* noted that it need not explore the matter in any depth, and that the purported admissions were misstated or misconstrued *Id.* at 1198-1199. In *Robinson*, the purported admissions were

---

[1] By admitting I80 incurred no obligations to Menard, Menard admitted I80 was not the buyer and thus did not enter into any contracts with Menard.

[2] In its Renewed Motion (Doc. 155), Menard admitted that, apart from the receipts, there were no contracts between it and I80 (p. 5, ¶ 19). In the Menard Reply, Menard conceded that the receipts were not contracts, instead referring to them as "evidence of the 'sale contract.'" (p. 6). As Menard has now conceded it entered into no contracts with I80, the receipts can only be evidence of contracts entered into between it and some other entity(ies).

4

ambiguous statements in an attorney's closing argument. The Court also noted only that a judicial admission is "normally in a pleading." *Id.* at 872.

*In re Kaiser,* 566 B.R. 550 (N.D.Ill. 2015), held that in addition to pleadings, judicial admissions are any deliberate, clear and unequivocal written or oral statements made in the course of judicial proceedings, including interrogatory responses. *Id.* at 556. *Kaiser* cited *McCaskill v. SCI Mgmt. Corp.,* 298 F.3d 677, 680 (7th Cir. 2002), which held a verbal concession at oral argument was a judicial admission, "the same as any other formal concession made during the course of proceedings." *Id.* at 680. If verbal concessions can be judicial admissions, so can written concessions made in discovery or in a motion. And, judicial admissions should not be limited to statements expressly agreed to by the opposing party. There is no such requirement with regard to statements in pleadings. Finally, *McCaskill* quoted *In re Lefkas Gen. Partners,* 153 B.R. 804 (N.D.Ill. 1993), which agreed with *Kaiser* that judicial admissions are not limited to statements made in a motion or application (which themselves are not pleadings). *Id.* at 807.

In addition, *Kaiser* held that a party cannot thwart a summary judgment motion by creating sham issues of fact with affidavits that contradict their depositions or other discovery responses, such as interrogatory answers, citing *Babrocky v. Jewel Food Co.,* 773 F.2d 857, 861 (7th Cir. 1985). *Id.* In this case, Menard did not file any contradictory affidavit; it merely asserts I80 contracted with Menard. If a party cannot thwart summary judgment with a contradictory affidavit, it certainly cannot do so with mere argument. In fact, *Babrocky* held that one party's contradictory statement which was not supported by an affidavit was insufficient to create a genuine issue of fact. *Id.,* fn 1.

In addition, Menard argues that its statements that no contracts or obligations existed are conclusions of law and therefore not judicial admissions. Whether a contract exists is a question of fact. *Mulliken v.*

*Lewis,* 615 N.E. 2d 25, 27 (4th Dist. 1993); *Jones Const. Co. v. Hoot General Const.Co., Inc.* 613 F.3d 778, 783 (8th Cir. 2010). Mutuality of obligation is an essential requirement for a contract to exist. *Harris v. Johnson,* 578 N.E.2d 1326, 1329 (2nd Dist. 1991); *Matherly v. Hanson,* 359 N.W.2d 450, 454 (Iowa 1985). Also, Menard argues that it is an undisputed fact that "[t]here is certainly no contract, written or oral, identifying Jones, JL or JP as potential third-party beneficiaries of any of the Transactions." (Menard Reply, p. 37). Menard thereby admits that assertion of the non-existence of a contract is a statement of fact.

Further, other than objecting to the admissibility of I80's general ledger (see *infra*), Menard does not dispute that (a) JL, JP or Jones received the sole benefit of the goods (meaning that I80 received no benefit);[3] (b) I80 had two high limit credit cards; that JL and JP, until February, 2017, had or used no credit cards; and that the credit cards used by JL and JP commencing in February, 2017 had inadequate credit limits; and (c) Jones owned all three companies. These facts further establish that I80 did not acquire title to the goods and only paid for them because it had sufficient credit to do so. It merely financed the transactions.

Menard argues Ciasto's testimony that JP, JL or Jones received the sole benefit of the goods is irrelevant.[4] However, this is strong evidence these parties, not I80, authorized the purchasers to acquire title to the goods on their behalf, making them agents of JL, JP or Jones for such purpose.

Menard argues that the individuals who "completed each of the Transfers" were I80's agents

---

[3] Menard contends that Ciasto's testimony that JL, JP or Jones received the sole benefit and had the sole right to use, control and dispose of the goods are legal conclusions. They are not. "Value" is defined as "property" under § 548. Property is defined as the unrestricted right to the use, enjoyment and disposition of a material object. *Howlett v. Doglio,* 402 Ill. 311, 321 (1949); *State v. Cowen,* 231 Iowa 1117, 1124 (1942). Sole benefit, use, control and disposition are specific concrete facts which establish that the goods were JL's, JP's or Jones's property, and thus not I80's. *Drake v. Minnesota Min. & Mfg. Co.,* 134 F.3d 878, 887 (7th Cir. 1998). Further, Menard did not object on the basis of legal conclusion to Ciasto's deposition testimony supporting ¶¶ 37-41 of Plaintiff's UMF, thereby waiving any such objection. Ciasto I, pp. 69-85, 86-88. Fed.R.Bankr.P. 7032(d)(3)(B). Nor is this testimony legal conclusions or hearsay.

[4] Menard repeatedly contends Ciasto's testimony is inadmissible hearsay. This is incorrect. Evidence offered at summary judgment must be admissible at trial, except that testimony can be presented by affidavits or transcripts of sworn testimony rather than in person. *Baines v. Walgreen Co.,* 863 F.3d 656, 662 (7th Cir. 2017), citing Fed.R.Civ.P. 56(c)(2). Ciasto's testimony was based on

(Menard Reply, p. 42). As Menard admits "completed" means "paid for the goods" (Doc. 179, p. 5), this amounts only to an argument that I80 authorized the individuals to pay for the goods, not to take title.

Menard argues the purchasers were I80's agents because they affected I80's legal relationship with the credit card issuers (by creating an obligation to the issuers). But it makes no argument that the purchasers affected I80's legal relationship with Menard (by creating an obligation to Menard), which would have occurred had I80 been the buyer.

Menard argues I80 gave consideration to Menard. Consideration is an essential element to any contract. It is the "bargained-for exchange of promises or performances." *DiCosola v. Ryan,* 972 444 N.E.3d 556, 532 (1st Dist. 2015). However, I80 did not enter into any contracts with Menard. There were no "bargained-for exchanges" between I80 and Menard. I80's payments were gifts, i.e., voluntary transfers of property made gratuitously and without consideration. *In re Marriage of Flatow,* 430 N.E.2d 215, 219 (Ill. App. Ct. 1981). I80's payments gratuitously satisfied JL, JP and Jones's obligations as buyers to Menard.

Menard does not dispute that at no time were two transactions recorded in I80's general ledger at the time of any purchase. Nor does it refute the absurdity of a finding that, in over 2,000 transactions, I80 took title to goods for which it had absolutely no use.

Menard asserts this case is indistinguishable from *In re Mack Indus., Ltd.* 622 B.R. 887 (Bankr.N.D. Ill. 2020). In *Mack*, the debtor received value because it directed the seller where to install the granite. In this case, Menard admits the Debtor did not direct Menard to deliver any goods to JL, JP or Jones. UMF, ¶ 64. As *Mack* notes, the first inquiry under § 548 is "did the debtor receive some value. . .." *Id.* at 893. As I80 received no value from the Transfers, it could not have received any objective or subjective value from the goods.

---

his firsthand personal knowledge, not hearsay, and would be admissible at trial. See Fed.R.Bankr.P. 7056(c)(4).

Menard cites *In re Mid-Illini Hardwoods, LLC,* 576 B.R. 598 (Bankr.C.D.Ill. 2017). In this case, the debtor likewise received value in exchange for the payments i.e., the use and occupancy of the real estate.

This Court's hypothetical statement in its 11/14/2024 Opinion that I80 planned to shop at Menards was not necessary to its decision that I80's property was transferred to Menard. The issue of equivalent value was not before this Court. (Doc. 165, p. 3). The statement, and any other statement which might be construed to relate to who took title, were dicta. *United States v. Crawley,* 837 F.2d 291, 292-293 (7th Cir. 1988).

Menard argues I80's general ledgers should be held inadmissible under FRE 803(6) because of the misclassification of the purchases made for the benefit of JL and JP as receivables. However, Menard stated in its Response to the Motion in Limine it had no objection and conceded the applicability of FRE 803(6) with respect to the general ledgers. Doc. 127, pp. 9-10. Menard has thus waived any objection under FRE 803(6).

Further, by recording the payments as receivables, the ledger accurately reflected the crucial fact: that the payments solely benefitted JL or JP. This is all that is relevant under the pending motions, which only concern who took title to the goods.[5] Ciasto also thought I80's general ledger might have understated costs of goods sold ("COGS") (Ex. A at 2), which is irrelevant as to who took title. There were no other major problems with NetSuites.[6] Menard produced no evidence that any of the thousands of transactions recorded in I80's general ledger between 2015 and 2017 were inaccurate as to amount, date, payee, or payor. The above errors do not justify holding the entire ledgers to be inadmissible, but only affect the weight of the evidence *U.S. v. Catabran,* 836 F.2d 453, 458 (9th Cir. 1988).

---

[5]This argument also applies to recording the payments as liabilities in JL and JP's general ledger, which were on Quickbooks, not Netsuites. Ciasto I, pp. 126-131.

[6]Ciasto testified that COGS was the "main problem" with NetSuites. Ciasto II, p. 69-70. Also, Menard Reply Exs. A and B both refer to problems with COGS.

## IV. CONCLUSION

WHEREFORE, for the reasons stated above, Plaintiff respectfully requests that that she be granted partial summary judgment in her favor on her claim that I80 received no value in exchange for any of the Transfers and against Menard on its claim under 11 U.S.C. § 548(c) that it gave I80 value in exchange for the Transfers, and that Plaintiff be granted such other relief as is just.

                                      Jeana K. Reinbold, solely as Chapter 7
                                      Trustee of the Estate of I80 Equipment, LLC

                                      By: /s/ Andrew W. Covey
                                      One of her attorneys
                                      Andrew W. Covey #06183817
                                      403 S. French Drive
                                      Dunlap, IL  61525
                                      Tel: 309-370-2692
                                      Email:  acovey1@hotmail.com

## PROOF OF SERVICE

I do hereby certify that I have caused to be served a copy of the foregoing Reply this day, by CM/ECF electronic filing as set forth below.

Dated:  January 21, 2025                                       /s/ Andrew W. Covey

By CM/ECF

    Sonette Magnus, smagnus@thompsoncoburn.com
    W. Anthony Andrews wandrews@ottosenlaw.com
    Joseph S. Davidson jdavidson@ottosenlaw.com