UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case Number 17-81749 |
| I80 EQUIPMENT, LLC | ) | |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JEANA K. REINBOLD, SOLELY AS | ) | Adv. No. 19-08110 |
| CHAPTER 7 TRUSTEE OF THE ESTATE OF | ) | |
| I80 EQUIPMENT, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MENARD, INC. | ) | |
| | ) | |
| Defendant. | ) | |

<u>RESPONSE TO DEFENDANT MENARD, INC.'S MOTION TO CORRECT DEFICIENCY IN TRUSTEE'S DESIGNATION OF THE RECORD ON APPEAL OR IN THE ALTERNATIVE FOR LEAVE TO DESIGNATE AN ITEM TO BE INCLUDED IN THE RECORD ON APPEAL OUT OF TIME</u>

The Appellant, Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC ("Plaintiff" or "Trustee"), by her counsel, Sgro, Hanrahan, Durr, Rabin & Reinbold, LLP, responds to Defendant Menard, Inc.'s ("Menard") Motion to Correct Deficiency in Trustee's Designation of the Record on Appeal or in the Alternative for Leave to Designate an Item to be Included in the Record on Appeal Out of Time (Court Doc. 206) ("Motion"), as follows:

1. The Trustee agrees with the dates recited by Menard in Paragraphs 1, 2 and 3 of its Motion, namely that the Court issued an opinion and judgment on February 28, 2025 in this case (Doc. 193, 194), that the Trustee filed a Notice of Appeal on March 14, 2025 (Doc. 198), and the Trustee filed the Appellant's Designation of the Record on Appeal and Statement of Issues on Appeal on March 28, 2025 (Doc. 204) ("Appellant Designation"). The Trustee further states that she timely filed the Notice of Appeal and Appellant Designation.

2.     Menard recites in Paragraph 4, 5 and 6 of its Motion that Rule 8009(a)(4) requires that the record on appeal include any transcripts of all oral rulings. The Trustee disagrees that the Court on February 4, 2025 issued any oral rulings. The hearing on February 4, 2025 was for oral argument by counsel for the parties before the Court on seven (7) different motions which were pending at that time, not all of which are part of, or need to be part of, the record on appeal. Hearings of transcript of oral argument would not be considered evidence, and are not necessary to decide the issues in the pending appeal. Menard's characterization of the lack of inclusion of a transcript of the February 4, 2025 is not a "deficiency" in the record on appeal as characterized by the Menard in the title to its Motion or for the purposes of Rule 8009(a)(4).

3.     Menard cites in Paragraph 7 the lack of filing by the Trustee a certificate stating that the Appellant is not ordering a transcript. The Trustee understood this provision to not apply, as she did not believe there was a transcript that she was required to order. Even if this was an oversight, it was inadvertent, and should be deemed harmless for the reason that the cited transcript is not part of the ruling or necessary to deciding the issues on appeal.

4,     In Paragraph 8 of the Motion, Menard cites Rule 8009(a)(2)(A), which provides an appellee 14 days to file and serve on the appellant a designation of additional items to be included in the record. Menard also acknowledges that such date was set for April 11, 2025 but offers no reason why it did not comply with this date if it believed additional items should have been included.

5.     Menard not having responded by the date set by Rule 8009(a)(2)(A), the Bankruptcy Court then designated and transmitted the lengthy record on appeal including the items set forth in Appellant Designation to the District Court on April 25, 2025 (not April 29, 2025), another full 2 weeks after the date all items were due. The Appellant included all items she believed necessary for the appeal.

6. In Paragraphs 9 and 13 of the Motion, Menard again cites the failure of a certificate being filed regarding the lack of the ordering of any transcripts as somehow insulating it from failing to designate any additional items for the record by the appellee designation date. Certainly, if Menard thought something was needed, it could and should have stated so by April 11, 2025. It should also have been evident to Menard that the Trustee had not ordered a transcript by March 28, 2025, the date that the Trustee filed the Appellant Designation.

7. The Motion is filed forty (40) days after the Appellant Designation was filed and twenty-six (26) days after any appellee designation of additional items for the record was due. Menard's delay and failure to comply with Rule 8009(a)(2)(A) if it thought additional items needed to be designated should not be excused. Contrary to Menard's suggestion there is no prejudice to the "Debtor or the estate," there is prejudice to the Trustee, as Menard has already filed a motion in District Court seeking permission to certify the matter to the Court of Appeals, which the Trustee is in the process of filing a response.[1] The Trustee and the District Court do not need to be burdened with the review of an optional transcript, and the Bankruptcy Court does not need to be burdened with submitting an additional item given Menard did not meet its deadline to designate. The transcript is further not necessary or material to the District Court or Seventh Circuit's review because the Bankruptcy Court's opinion of February 28, 2025 sets forth the entre basis for its ruling.

---

[1] Curiously, Menard waited until the 60th day to file the referenced motion in District Court on its own on April 29, 2025, despite the Trustee having indicated she would work with counsel on a potential joint certification request weeks earlier on April 4, 2025, despite the Trustee's stated reservations at that time as to the propriety of such a request. Menard's counsel only sent a draft of a lengthy proposed joint motion on a Sunday evening, April 27, 2025 prior to the 60th day that it had to file its motion in District Court under Rule 8006(b). The Trustee could not agree to the motion given it was based on Menard's characterization of the appeal and the Trustee further had commitments on April 28, 2025 and April 29, 2025 which rendered her unable to respond on Menard's schedule, effectively sandbagging the Trustee. The Trustee has the right to present her case on appeal, not just the way Menard seeks to characterize it, and has proceeded in good faith. The Trustee should not be penalized by Menard's characterization of the Appellant Designation or the issues on appeal, or Menard's delay and additional work created in this matter in responding to this Motion, as well as the now pending motion in District Court, and a lengthy transcript if the Motion is allowed.

8.     The Appellant Designation is not "deficient" for not including an optional transcript. Menard did not designate any additional items for the record by its deadline of April 11, 2025, almost a month ago. For the reasons set forth herein, there is no good or necessary reason for it to be allowed to do so now. Menard's Motion should be denied.

        Respectfully submitted,

        Jeana K. Reinbold, solely as Chapter 7 Trustee of the Estate of I80 Equipment, LLC

Dated: May 8, 2025         /s/ Jeana K. Reinbold
        By: One of her attorneys
        Sgro, Hanrahan, Durr, Rabin & Reinbold, LLP
        1119 S. 6th Street
        Springfield, IL 62703
        (217) 789-1200
        jeana@casevista.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused to be served a copy of the foregoing RESPONSE TO DEFENDANT MENARD, INC.'S MOTION TO CORRECT DEFICIENCY IN TRUSTEE'S DESIGNATION OF THE RECORD ON APPEAL OR IN THE ALTERNATIVE FOR LEAVE TO DESIGNATE AN ITEM TO BE INCLUDED INT EH RECORD ON APPEAL OUT OF TIME, this day, by CM/ECF electronic filing and/or by first class mail as indicated below

Dated: May 8, 2025         /s/ Jeana K. Reinbold

By CM/ECF:

W. Anthony Andrews on behalf of Defendant Menard, Inc.
wandrews@ottosenlaw.com, vmedina@ottosenlaw.com

Joseph Scott Davidson on behalf of Defendant Menard, Inc.
jdavidson@ottosenlaw.com, courtinfo@sulaimanlaw.com

Sonette Magnus on behalf of Defendant Menard, Inc.
smagnus@thompsoncoburn.com

4